## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SALADWORKS, LLC,[1] | Case No. 15-10327 (LSS) |
| Debtor. | **Hearing Date: April 21, 2015 @ 2:00 p.m. (ET)**<br>**Objection Deadline: April 14, 2015 @ 4:00 p.m. (ET)** |

## MOTION OF THE DEBTOR FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND LOCAL RULE 2004-1

The above-captioned debtor and debtor-in-possession (the "Debtor") by and through its undersigned counsel, hereby submits this *Motion of the Debtor for Leave to Conduct Discovery Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1* (the "Motion") requesting the entry of an order authorizing and directing discovery in the form of production by Metro Bank of the documents responsive to the *Debtor's First Request for Production of Documents Directed to Metro Bank* (the "Document Requests") attached hereto as Exhibit A. In support of the Motion, the Debtor respectfully represents as follows:

### PRELIMINARY STATEMENT

WS Finance LLC ("WS Finance"), upon information and belief, an entity owned or controlled by Vernon H. Hill, II ("Mr. Hill"), claims to be "the holder of the single largest unsecured claim against the Debtor[.]"[2] According to WS Finance, this claim arises, at least in part, from several loans to the Debtor by Metro Bank, an institution in which Mr. Hill is a

---

[1] The last four digits of the Debtor's tax identification number are (7282). The Debtor's corporate office and the mailing address is 161 Washington Street, Suite 300, Conshohocken, PA 19428.

[2] *See Objection of WS Finance, LLC and JVSW, LLC to Motion of the Debtor and Debtor in Possession for Entry of an Order (I) Approving Stalking Horse Procedures and Bidding Procedures in Connection with a Transaction by Public Auction; (II) Scheduling a Hearing to Consider the Transaction; (III) Approving the Form and Manner of Notice Thereof; and (IV) Approving Contract Procedures* [D.I. 59] (the "VH Bid Procedures Objection").

majority shareholder and consultant (the "Metro Bank Loans").[3]  WS Finance has represented that the Metro Bank Loans were assigned to it on December 19, 2014.  However, WS Finance has also stated that the Metro Bank Claims were purchased by WS Finance after Metro Bank called Mr. Hill's guarantee.  The Debtor has no evidence of the transfer -- whether by assignment or purchase -- pursuant to which WS Finance claims to have acquired the Metro Bank Loans and now asserts the Metro Bank Claims.  Consequently, as it continues its efforts to maximize the value of the estate, the Debtor has commenced an investigation of the Metro Bank Claims to ascertain the nature and extent of the Metro Bank Claims (in the hands either of Metro Bank or WS Finance), including the circumstances under which Metro Bank declared a default of the Metro Bank Loans and called Mr. Hill's guaranty as well as Metro Bank's assignment or sale of the claims to WS Finance.

To that end, the Debtor has made an informal request to Metro Bank for the information sought through this Motion.  As of this writing, Metro Bank has not responded to the Debtor's request and, although Metro Bank's deadline has not yet expired, the Debtor is filing this motion in order to ensure that it can be heard at the next omnibus hearing.  Accordingly, the Debtor requests that the Court enter an order directing Metro Bank to produce documents, electronically stored information and tangible things responsive to the Document Requests.

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*

---

[3] WS Finance states that the Metro Bank Loans consist of: (1) Term Loan # 3865788 dated March 8, 2011; (2) Term Loan # 3798488 dated March 30, 2010; (3) Term Loan # 9999992004 dated September 9, 2011; and (4) Line of Credit # 3657695 dated July 16, 2008. *See* VH Bid Procedures Objection ¶5. Prior to the Petition Date, Metro Bank filed two confessed judgment actions and an additional civil action (the "Pennsylvania Litigation", and together with the Metro Bank Loans, the "Metro Bank Claims") against the Debtor related to the Metro Bank Loans.

dated as of February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[4]

2.      The statutory bases for the relief sought herein are section 105 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## GENERAL BACKGROUND

3.      On February 17, 2015 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Court.

4.      The Debtor continues to operate its business and manage its properties as a debtor-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108. As of the date of this Motion, no trustee or examiner has been appointed in this Chapter 11 Case.

5.      On February 26, 2015, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Case.

6.      On March 19, 2015, the Debtor filed its *Schedules of Assets and Liabilities* [D.I. 120] and *Statements of Financial Affairs* [D.I. 119] (together, as amended or modified, the "Schedules and Statements").

---

[4] Pursuant to Local Rule 9013-1(f), the Debtor hereby confirms its consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.      A detailed description of the Debtor and its business, and the facts and circumstances surrounding the Chapter 11 Case are set forth in greater detail in the *Declaration of Paul Steck in Support of Chapter 11 Petition and First Day Pleadings* [D.I. 3],[5] filed on the Petition Date and incorporated herein by reference.

## METRO BANK, MR. HILL, WS FINANCE AND THE DEBTOR

8.      Upon information and belief, Mr. Hill is a consultant to and one of the largest shareholders of Metro Bank. *See* Press Release, Metro Bank, *Pennsylvania Commerce Bancorp to Acquire Republic First Bancorp and Become Metro Bancorp* (Nov. 10, 2008) (available at phx.corporate-ir.net/phoenix.zhtml?c=82772&p=irol-newsArticle&ID=1224324&highlight)    ("Mr. Hill, currently a consultant for Republic First, will continue as a consultant with the combined company and as one of its largest individual shareholders."). At the request of Mr. Hill (who at the time was a member of the Debtor's board of directors), the Debtor refinanced certain of its outstanding debt through Metro Bank. As of the Petition Date, the Debtor estimated that there was approximately $2,487,590 asserted to be outstanding under the Metro Bank Loans.

9.      As explained more fully in the First Day Declaration, on October 20, 2014, JVSW, LLC ("JVSW"), an entity owned or controlled by Mr. Hill, filed the Chancery Litigation against the Debtor, the Debtor's seventy percent (70%) equity owner, and the Debtor's CEO, Mr. Scardapane. JVSW asserts six counts in the Chancery Litigation for: (i) failure to pay on JVSW LLC's Put Right; (ii) failure to make certain Guaranteed Payments; (iii) fraud; (iv) waste of company assets; (v) breach of fiduciary duty; and (vi) unjust enrichment.

10.    On or about December 3, 2014, Metro Bank commenced the Pennsylvania Litigation by filing three separate lawsuits against the Debtor consisting of one civil action and

---

[5] Capitalized terms used but not defined herein shall have the same meanings given to such terms in the First Day Declaration.

two confessions of judgments. Metro Bank filed the Pennsylvania Litigation purportedly seeking amounts outstanding pursuant to the Metro Bank Loans because of various alleged defaults. In two of the cases, Metro Bank was able to obtain confessions of judgment against the Debtor in the amounts of $466,467.26 and $1,388,769.58, respectively.[6]

11.    WS Finance has represented to this Court that Metro Bank "assigned to WS all of its right, title and interest in and to the Metro Bank Loans and the "assigned to WS all of its right, title and interest in and to the [Metro Bank Loans.]" *See* VH Bid Procedures Objection ¶5. WS Finance also has represented that Metro Bank "assigned, sold and transferred to WS all of Metro Bank's rights, title and interest in [the Pennsylvania Litigation]." *Id.* ¶6. In the Pennsylvania Litigation, WS Finance represented that Metro Bank required Mr. Hill – its majority shareholder – to "honor his guaranty" of Saladwork's obligations to Metro Bank. ("[T]he principal of my client, Mr. Vernon Hill, was a guarantor of these loans and had been called up by Metro Bank to honor that guarantee, and he had been forced, by Saladworks' default and non-payment, to honor his guarantee by having WS Finance purchase these loans." Letter from Walter Weir, Jr., Esq., Weir & Partners LLP, counsel to WS Finance, to the Honorable Bernard A. Moore, Judge, Montgomery County Court of Common Pleas (Feb. 11, 2015) (a copy of which is attached hereto as Exhibit B)).

12.    Based on these representations and the Debtor's lack of evidence regarding, among other things, the transfer, current ownership and amount of the Metro Bank Loans, the Debtor identified both WS Finance and Metro Bank as the putative creditor in the Schedules and Statements. *See* Schedule F at 11-12.

---

[6] As of the Petition Date, the Debtor was seeking to overturn the confessed judgments.

13.    Given (a) its lack of evidence of (i) the transfer, sale or assignment of the Metro Bank Claims to WS Finance and (ii) Mr. Hill's satisfaction of the Metro Bank Loans and his guaranty through his purported acquisition of the Metro Bank Loans and (b) Mr. Hill's potentially conflicting duties, loyalties and obligations to the Debtor and Metro Bank, the Debtor has commenced an investigation of the Metro Bank Claims, including (without limitation) Metro Bank's purported transfer of the Metro Bank Claims to Mr. Hill and/or WS Finance and potential claims the Debtor may have against any of Mr. Hill, WS Finance or Metro Bank. Perhaps even more fundamentally, however, the requested discovery is required for the Debtor to ascertain which entity is the owner of the Metro Bank Claims and potential defenses the Debtor may assert in connection therewith. To conduct this investigation, the Debtor requires the production by Metro Bank of documents and information responsive to the Discovery Requests.

## RELIEF REQUESTED

14.    Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, the Debtor requests that the Court enter an order (i) authorizing the Debtor to issue a subpoena to Metro Bank for the production of documents, electronically stored information or tangible things responsive to the Document Requests and (ii) directing Metro Bank to produce documents responsive to the Document Requests on or before a date that is thirty (30) days from the service of such subpoena.

## BASIS FOR RELIEF

15.    Federal Rule of Bankruptcy Procedure 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). An examination under Bankruptcy Rule 2004 may be made of any entity with knowledge of "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a

discharge … and any other matter relevant to the case or to the formulation of a plan." *See* Fed. R. Bankr. P. 2004(b); *In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009).

16.     Generally, the scope of a Rule 2004 examination is "unfettered and broad" and has been likened to a "fishing expedition." *See id.* at 50; *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'n, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984); *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). The purpose of the examination is to enable a party to discover the nature and extent of the bankruptcy estate. *See Washington Mut.*, 408 B.R. at 50. Thus, legitimate goals of Rule 2004 examinations include "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *Id.*

17.     Discovery taken pursuant to Rule 2004 differs from discovery under the Federal Rules of Civil Procedure (the "FRCP") in two critical ways. First, Rule 2004 discovery is an investigatory tool undertaken *prior to* litigation. As such, it need not be tied to specific factual allegations at issue between parties to a dispute. *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997). In addition, Rule 2004 discovery is subject to fewer successful objections on relevance grounds than discovery issued under the FRCP. *See generally In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 2004) ("Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards."). Second, the scope of discovery under Rule 2004 is significantly broader than discovery under the FRCP. *See Drexel Burnham*, 123 B.R. at 711; *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *Ecam Publ'n*, 131 B.R. at 559; *accord In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008).

18.    The documents the Debtor seeks from Metro Bank relate to the acts, conduct, property, liabilities, and financial condition of the Debtor and matters relevant to the Chapter 11 Case, including the ownership and amount of any liability on account of the Metro Bank Claims and any potential claims against Mr. Hill, WS Finance or Metro Bank in connection therewith.

19.    Metro Bank undoubtedly has information crucial to the Debtor's investigation, including without limitation, documents and communications related to:  the Metro Bank Claims, any default under the Metro Bank Loans and the relationship among and actions of Metro Bank, Mr. Hill and WS Finance pertaining to the Debtor, including, without limitation, Metro Bank's enforcement of Mr. Hill's guaranty obligations under the Metro Bank Loans.  Accordingly, the Debtor requests that the Court enter an order authorizing the Debtor to issue a subpoena to Metro Bank for the production of documents responsive to the Document Requests and directing Metro Bank to produce all documents and electronically stored information responsive to the Document Requests within thirty (30) days after such subpoena is issued.

20.    The requested documents fall within the scope of Bankruptcy Rule 2004's broad goals allowing the Debtor to investigate and discover Metro Bank's, Mr. Hill's and WS Finance's acts and conduct relating to the Debtor.

## NOTICE AND NO PRIOR REQUEST

21.    The Debtor has provided notice of this Motion to the following, or in lieu thereof their counsel, if known: (i) the Office of the U.S. Trustee; (ii) Metro Bank; (iii) WS Finance; (iv) the Committee; and (v) all parties who have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtor respectfully submits that no further notice is necessary.

22.    No prior application for the relief requested in this Motion has been made to this or any other court.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

23.     Pursuant to Local Rule 2004-1, the undersigned counsel hereby certifies that prior to filing this Motion, the Debtor attempted to confer with Metro Bank regarding obtaining the information sought by and through this Motion and to date has not received a response from Metro Bank. As of the date of this Motion, no agreement has been reached.

## RESERVATION OF RIGHTS

24.     The Debtor has limited its request, seeking only the production of documents on the limited topics set forth in the Document Requests.   After receiving and reviewing the responsive documents, the Debtor may determine that further discovery from Metro Bank, or any other party, is necessary.   As such, the Debtor reserves the right to seek additional discovery from Metro Bank or any other party, including, but not limited to, additional document requests and depositions upon oral examination, in connection with the Debtor's investigation.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Debtor requests that the Court enter an order, substantially in the form of the order filed with this Motion: (i) granting the relief requested in this Motion; (ii) authorizing the Debtor to issue a subpoena to Metro Bank for the production of documents, electronically stored information or tangible things responsive to the Document Requests; (iii) directing Metro Bank to produce documents responsive to the Document Requests on or before a date that is thirty (30) days from the service of such subpoena; and (iv) granting such other and further relief that is deemed just and proper.

Dated: March 31, 2015
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Kimberly A. Brown (No. 5138)
Joseph D. Wright (No. 5669)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mumford@lrclaw.com
      brown@lrclaw.com

*Counsel to the Debtor and Debtor-in-Possession*