# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SALADWORKS, LLC,[1] | Case No. 15-10327 (LSS) |
| Debtor. | Ref Nos. 14, 103 and 183    & 212 |

## ORDER APPROVING SELECTION OF STALKING HORSE BIDDER, BID PROTECTIONS AND THE FORM OF ASSET PURCHASE AGREEMENT

Upon the *Debtor's Motion for Entry of an Order Approving Selection of Stalking Horse, Bid Protections and Form of Asset Purchase Agreement* (the "Motion")[2]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estates; and sufficient cause appearing therefor; it is hereby

**FOUND, CONCLUDED AND DETERMINED THAT:**[3]

A.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 Case and

---

[1] The last four digits of the Debtor's tax identification number are (7282). The Debtor's corporate office and the mailing address is 161 Washington Street, Suite 300, Conshohocken, PA 19428.

[2] Capitalized terms not defined herein shall have the same meaning as ascribed to them in the Motion.

[3] The findings and conclusions set forth herein constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

{1045.002-W0035768.4}

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363 and 503.

B.   The relief granted herein is in the best interests of the Debtor, its estate and parties-in-interest.

C.   The Debtor has articulated good and sufficient business reasons for the Court to approve (i) SW Acquisition Company, LLC as the Stalking Horse Purchaser, (ii) the payment of the Break-Up Fee and Expense Reimbursement (together, the "Bid Protections") to the Stalking Horse Purchaser in accordance with the APA and (iii) the form of the APA.

D.   The Debtor has demonstrated that the Bid Protections are actual and necessary costs and expenses of preserving the Debtor's estate, within the meaning of Bankruptcy Code section 503(b), and of substantial benefit to the Debtor's estate by inducing the Stalking Horse Purchaser's bid, which has established a minimum for other bidders for a Transaction, thereby ensuring that during the Auction, if any, the Debtor receives the highest or otherwise best bid for a Transaction. The Debtor has also demonstrated that the Stalking Horse Purchaser required the Bid Protections set forth in the Motion and the APA as a condition to agreeing to be the Stalking Horse Purchaser, such Bid Protections are reasonable, and such Bid Protections are of substantial benefit to the Debtor's estate by inducing the Stalking Horse Purchaser's bid.

E.   Due, sufficient, and adequate notice of the hearing on the Motion and the relief requested in the Motion and the relief granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required.

F.   The Bid Protections (i) shall be deemed an actual and necessary cost of preserving the Debtor's estate within the meaning of Bankruptcy Code section 503(b), (ii) are of substantial benefit to the Debtor's estate, (iii) are reasonable and appropriate, including in light of the size and nature of the Transaction and the efforts expended by the Stalking Horse Purchaser and (iv)

enable the Debtor to promote a Transaction with the greatest benefit to the estate and parties-in-interest.

G. The Bid Protections and the form of APA were negotiated by the Debtor and the Stalking Horse Purchaser in good faith and at arms-length.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Any objections filed or raised in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or at the hearing on the Motion, are hereby overruled.

3. SW Acquisition Company, LLC ("SWAC" or the "Stalking Horse Purchaser") shall be the Stalking Horse Purchaser for a Transaction with the Debtor.

4. Pursuant to Bankruptcy Code sections 105, 363 and 503, the Bid Protections are hereby approved and the Debtor is hereby authorized to pay the Bid Protections to the Stalking Horse Purchaser pursuant to the terms of the APA. The obligation to pay the Bid Protections to the Stalking Horse Purchaser (i) shall be entitled to administrative expense claim status under Bankruptcy Code section 503(b) of the Bankruptcy Code and (ii) shall survive termination of the APA.

5. The Debtor is hereby authorized to enter into and execute the APA (as modified to the extent necessary to comply with the terms of this Order) and to perform such obligations under the APA which may arise prior to the Sale Hearing.

6. The form of the APA is hereby approved. For the avoidance of doubt, nothing herein is intended to limit a Potential Bidder's Bid to a Transaction under Bankruptcy Code section 363. Additionally, notwithstanding anything to the contrary herein, the Debtor may

modify the form of the APA during the Auction as necessary in its sole discretion, in consultation with the Committee, to achieve the highest or otherwise best Bid.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and the APA.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May_____/_____, 2015
Wilmington, Delaware

_____
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge