IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SW LIQUIDATION, LLC,[1]<br><br>            Debtor. | Chapter 11<br><br>Case No. 15-10327 (LSS)<br><br>Hearing Date: August 19, 2015 at 10:00 a.m. (ET)<br>Obj. Deadline: July 31, 2015 at 4:00 p.m. (ET) |

## DEBTOR'S SECOND MOTION FOR AN ORDER EXTENDING ITS EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO BANKRUPTCY CODE SECTION 1121(d)

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby submits the *Debtor's Second Motion for an Order Extending Its Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Bankruptcy Code Section 1121(d)* (the "Motion"). In support of the Motion, the Debtor states as follows:

### JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

---

[1] The last four digits of the Debtor's tax identification number are (7282). The Debtor's mailing address is P.O. Box 440, Gladwyne, PA 19035.

[2] Pursuant to Local Rule 9013-1(f), the Debtor hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

{1045.002-W0037534.2}

2. The statutory bases for the relief sought herein is section 1121(d) of title 11 of Chapter 11 of the United States Code, 11. U.S.C. § 101 *et seq.* (as amended or modified, the "Bankruptcy Code") together with rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On February 17, 2015 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its business and manage its properties as a debtor-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108. As of the date of this Motion, no trustee or examiner has been appointed in this Chapter 11 Case.

5. On February 26, 2015, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors in the Chapter 11 Case (the "Committee"). On June 17, 2015, the Committee was reconstituted based on the resignation of Eight Tower Bridge Development Associates from the Committee.

6. The factual background relating to the Debtor's business and commencement of the Chapter 11 Case is set forth in detail in the *Declaration of Paul Steck in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 3] (the "Steck Declaration"),[3] filed on the Petition Date.

---

[3] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Steck Declaration or the Bid Procedures Order (defined below) as applicable.

{1045.002-W0037534.2}

7. As explained more fully in the Steck Declaration, in light of the Chancery Litigation and Pennsylvania Litigation, the Debtor, in the exercise of its reasonable business judgment, determined that the most effective way to maximize value of the Debtor's assets for all of its stakeholders was to seek bankruptcy protection in order to pursue a sale or recapitalization Transaction of the Debtor's business.

8. On May 7, 2015, the Debtor filed the *Motion of the Debtor for Entry of an Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of the Debtor Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Assignment or Rejection of Certain Executory Contracts, and (IV) Granting Related Relief* [Docket No. 219] (the "Sale Motion"). Through the Sale Motion, the Debtor sought Court approval of a sale of the Debtor's business (with the exception of certain assets related to the Debtor's store in Paoli, Pennsylvania (the "Paoli Store")) (the "Sale") to SW Acquisition Company, LLC, the Stalking Horse Purchaser ("SWAC"). At the expiration of the Bid Deadline, the only Qualified Bid received by the Debtor was that submitted by SWAC. As such, the Auction was cancelled. [Docket No. 267]. On May 28, 2015, the Court entered an order approving the Sale Motion [Docket No. 280] (the "Sale Order"). On June 12, 2015 (the "Closing Date"), the Sale to SWAC closed and the Paoli Store was shut down.

9. Additionally, on April 22, 2015, the Court granted the *Motion of the Debtor for Entry of an Order (A) Establishing Bar Dates for Filing Proofs of Claim (Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Proofs of Interests; (B) Approving the Form and Manner for Filing Proofs of Claim and Proofs of Interest; and (C) Approving Notice Thereof* [Docket No. 135] (the "Bar Date Motion") seeking to establish, among other

{1045.002-W0037534.2}

3

things, May 29, 2015 as the general bar date and administrative bar date (the "Bar Dates") and August 17, 2015 as the governmental bar date.

10. On May 26, 2015, the Debtor filed the *Debtor's Motion for an Order Extending Its Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Bankruptcy Code Section 1121(d)* [Docket No. 270] (the "First Exclusivity Motion") seeking a ninety (90) day extension of (i) the original period of one hundred and twenty (120) days after the commencement of the Chapter 11 Case during which the Debtor had the exclusive right to file a chapter 11 plan (as extended or modified, the "Exclusive Plan Period") and (ii) the original one hundred and eighty (180) day period after the commencement of the Chapter 11 Case during which the Debtor had the exclusive right to solicit acceptances of a plan (as extended or modified, the "Solicitation Period" and together with the Exclusive Plan Period, the "Exclusive Periods"). After receiving comments from the Committee, the Debtor ultimately agreed to seek an extension of the Exclusive Plan Period to July 17, 2015 and the Solicitation Period to September 14, 2015. On June 16, 2015, the Court entered an order granting the First Exclusivity Motion [Docket No. 312] extending the Exclusive Plan Period and the Solicitation Period to July 17, 2015 and September 14, 2015, respectively.

11. On July 1, 2015, the Debtor filed (a) the *Disclosure Statement for the Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 336] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement") and (b) the *Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 335] (as may be amended, supplemented or modified, including all exhibits thereto, the "Plan").

12. In connection therewith, the Debtor filed the *Motion of the Debtor for Entry of an Order (A) Approving the Disclosure Statement; (B) Approving Certain Dates Related to Solicitation and Confirmation of the Plan; (C) Approving Solicitation and Notice Procedures Related Thereto; (D) Approving the Forms of the Ballot and Notices in Connection Therewith; (E) Establishing Voting and General Tabulation Procedures; and (F) Granting Related Relief* [Docket No. 337] (the "Solicitation Motion") seeking entry of an order finding that, among other things, the Disclosure Statement contains "adequate information" within the meaning contained in Bankruptcy Code section 1125(a) and establishing procedures to govern the solicitation of the Plan (the "Solicitation Procedures"). The Solicitation Procedures contemplate that the Court will consider confirmation of the Plan on September 16, 2015. The Solicitation Motion is scheduled to be heard on August 5, 2015.

## RELIEF REQUESTED

13. By this Motion, the Debtor requests the entry of an order, pursuant to Bankruptcy Code section 1121(d) and Bankruptcy Rule 9006(b)(1) granting a sixty (60) day extension of the Exclusive Periods. Currently, the Exclusive Periods are set to expire on July 17, 2015 and September 14, 2015, respectively.[4] The Debtor requests a sixty (60) day extension of the Exclusive Periods to September 17, 2015 and November 13, 2015, respectively, pursuant to Bankruptcy Code section 1121(d).

14. Such an extension of the Exclusive Periods is without prejudice to the rights of the Debtor to seek further extensions thereof.

---

[4] Pursuant to Local Rule 9006-2, the deadline shall be automatically extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

**BASIS FOR RELIEF**

15. The Court is authorized to extend a debtor's exclusive periods upon a demonstration of cause, pursuant to Bankruptcy Code section 1121(d), which provides:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

16. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231, 232 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

17. In determining whether a debtor has had an adequate opportunity to negotiate a chapter 11 plan, a court should consider a variety of factors to assess the totality of circumstances affecting whether or not "cause" exists to extend the Exclusive Periods. *In re McLean Industries, Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). The *McLean Industries* court held that the relevant factors are:

    (a)    the size and complexity of the debtor's case;

    (b)    the existence of good faith progress towards reorganization;

    (c)    a finding that the debtor is not seeking to extend exclusivity to pressure creditors "to accede to [the debtor's] reorganization demands";

    (d)    existence of an unresolved contingency; and

    (e)    the fact that the debtor is paying its bills as they come due.

*McLean Industries*, 87 B.R. at 834 (citations omitted).

18. An application of the foregoing standards to the facts of the Chapter 11 Case demonstrates sufficient "cause" to grant the Debtor's requested extensions.

**A. The Size and Complexity of the Debtor's Case**

19. In *McLean Industries* and numerous other cases, courts have identified size and complexity of a chapter 11 case as a determining factor of whether a court should grant an extension of the exclusive periods. *See, e.g., In re Central Jersey Airport Services*, 282 B.R. 176, 184 (Bankr. D. N.J. 2002); *In re Texaco, Inc.*, 76 B.R. 322. 326 (Bankr. S.D. N.Y. 1987) (finding "cause" to extend exclusivity based on size of case); *In re Manville Forest Prods. Corp.*, 31 B.R. 991, 995 (S.D.N.Y. 1983) ("[T]he sheer mass, weight, volume and complications of the Manville filings undoubtedly justify a shakedown period").

20. While this is not a "mega" or overly complex case, it presents its own unique and thorny issues. Since the Petition Date, the Debtor's primary focus was on maximizing value for all creditors and stakeholders through the sale process. Since the Sale closed, the Debtor's attention has focused on negotiating and seeking approval of a confirmable, if not consensual, plan.

21. The Debtor also has prepared and filed a number of other operational and procedural motions to ensure that this case moves forward as expeditiously as possible. Since the Petition Date, the Debtor has expended considerable time and effort by:

  a. handling countless operational issues, including responding to creditor, customer, franchisee, financial institution, and vendor concerns and questions;

  b. preparing and filing the Debtor's schedules and statements of financial affairs and the amended versions thereof;

{1045.002-W0037534.2}

7

      c.      preparing for and attending the formation meeting of the Committee and the section 341 meeting of creditors;

      d.      marketing, negotiating and selling certain of the Debtor's assets;

      e.      preparing, negotiating and finalizing a plan term sheet with interested parties;

      f.      drafting, finalizing and filing the Plan and the Disclosure Statement; and

      g.      reviewing and analyzing proofs of claim and proofs of interest filed in the Chapter 11 Case.

22.    Since the Petition Date, the Debtor has consulted with the U.S. Trustee on all material matters that have arisen in its bankruptcy case and has provided detailed updates as to the Debtor's cash position and assets. The Debtor has also consistently conferred with the Committee's counsel to discuss the status and direction of this case, including the formulation of the Plan.

**B.    Progress Toward Development of a Consensual Plan**

23.    Following the approval of the Sale Motion and the expiration of the Bar Date, the Debtor had the economic information necessary to fully negotiate a plan term sheet, which was ultimately executed with the Committee and the Scardapane Entities (as defined in the Plan) (the "Plan Term Sheet"). The Debtor transformed the Plan Term Sheet into the Plan, which was filed on July 1, 2015. The Debtor has also filed the Solicitation Motion seeking approval of the procedures to solicit the Plan and, ultimately, seek confirmation thereof. The Solicitation Motion is scheduled to be heard on August 5, 2015. Once the Solicitation Motion is approved, the Debtor will begin soliciting acceptances of the Plan.

### C. The Debtor is Requesting Extensions of the Exclusive Periods for Appropriate Purposes

24. The Debtor is seeking extensions of the Exclusive Periods to enable the Debtor to seek approval of the Disclosure Statement and the Solicitation Procedures and solicit the Plan – not for the purpose of pressuring creditors to accede to any demands. *McLean Industries*, 87 B.R. at 834.

25. Since the Petition Date, the Debtor has worked closely with its creditors and stakeholders and has complied with the obligations placed on the Debtor under the Bankruptcy Code. In meeting its fiduciary duties to its creditors, the Debtor has recognized the need to deal with all parties in interest in this case, and has consistently conferred with these constituencies on every major substantive and administrative matter, attempting to reach agreement or a compromise to avoid lengthy and expensive disputes, including with respect to the Plan Term Sheet and, ultimately, the Plan.

26. The Debtor's request to extend the Exclusive Periods is made in good faith and will afford the Debtor an opportunity to seek approval of the Disclosure Statement and the Solicitation Procedures and to solicit acceptances of the Plan, without the distraction of any competing plans. Extending the Exclusive Periods will provide the Debtor with the opportunity to continue its negotiations with creditors and other parties in interest regarding the Plan and the terms thereof. In light of this, it cannot be said that the Debtor has sought an extension of the exclusive periods for any improper purpose.

### D. An Extension of the Exclusive Periods is Required to Resolve Contingencies

27. While the Plan has been filed, the Debtor still must obtain approval of the Disclosure Statement and the Solicitation Procedures. If the Court does not approve either of these, the Debtor will require additional time to address the Court's concerns. Moreover, once

the Court approves the adequacy of the Disclosure Statement and the Solicitation Procedures, the Debtor must still solicit acceptances of the Plan and obtain confirmation thereof.

28. Accordingly, an extension is required to allow the Debtor to obtain approval of the Disclosure Statement and the Solicitation Procedures, solicit the Plan and seek confirmation thereof, without the distraction of any competing plans.

### E. The Debtor is Paying its Ongoing Expenses as they Become Due

29. Since the inception of this Chapter 11 Case, the Debtor has been paying bills as they become due. The Debtor's prudent decisions regarding its assets and its diligent efforts to maximize value for all creditors and stakeholders through a sale or recapitalization Transaction over the course of this bankruptcy case have enhanced the Debtor's bankruptcy estate and the potential recovery for its creditors. This position has only improved since the closing of the Sale and the infusion of the Sale proceeds.

30. The Debtor also notes that relief similar to that requested in this Motion has been granted to other debtors in this jurisdiction in other chapter 11 cases. *See, e.g., Dendreon Corp., et al.*, No. 14-12515 (Bankr. D. Del. Apr. 10, 2015) (Silverstein, J.); *Phoenix Payment Systems, Inc.*, No. 14-11848 (Bankr. D. Del. Dec. 19, 2014) (Walrath, J.); *USEC Inc.*, No. 14-10475 (Bankr. D. Del. June 27, 2014) (Sontchi, J.); *NEC Holdings Corp.*, No. 10-11890 (Bank. D. Del. Oct. 4, 2010) (Walsh, J.); *Centaur, LLC*, No. 10-10799 (Bank. D. Del. July 28, 2010) (Carey, J.); *GRA Liquidation, Inc.*, No. 09-10170 (Bankr. D. Del. June 15, 2009) (Carey, J.); *In re New Century TRS Holdings, Inc.*, No. 07-10416 (Bankr. D. Del. January 22, 2008) (Carey, J.); *In re Nellson Nutraceutical, Inc.*, No. 06-10072 (Bankr. D. Del. March 12, 2007) (Sontchi, J.).

31. The Debtor has continued to comply with its obligations under the Bankruptcy Code and has worked closely and diligently with other parties in interest on an array of issues, including the terms of the filed Plan. Allowing this relatively modest extension of the Exclusive

Periods will allow the Debtor a full and fair opportunity to seek approval of the Disclosure Statement and the Solicitation Procedures, solicit acceptances of the Plan, seek confirmation thereof, engage in informed and productive negotiations with parties in interest, and is appropriate under the circumstances of this Chapter 11 Case. Indeed, the extension of the Exclusive Periods will allow the Debtor to undertake these endeavors, without the deterioration and disruption of the Debtor's bankruptcy case that might be caused by the filing of competing plans by nondebtor parties. The requested extension of the Exclusive Periods of sixty days to September 17, 2015 and November 13, 2015, respectively, does not prejudice any parties in interest and avoids the potential encouragement of the Debtor or any other parties in interest to file an insufficient and non-consensual chapter 11 plan.

### NOTICE AND NO PRIOR REQUEST

32. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the Committee; and (c) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

33. No previous request for the relief requested herein has been made to this or any other court.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (i) granting the relief requested by the Motion and extend the Exclusive Plan Period through and including September 17, 2015 and extend the Solicitation Period through and up to November 13, 2015; and (ii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: July 17, 2015<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kerri K. Mumford (No. 4186)<br>Kimberly A. Brown (No. 5138)<br>919 Market Street, Suite 1800<br>Wilmington, DE 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>　　　　mumford@lrclaw.com<br>　　　　brown@lrclaw.com<br><br>*Counsel to Debtor and Debtor-In-Possession* |