IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SW LIQUIDATION, LLC, | ) Case No. 15-10327 (LSS) |
| | ) |
| Debtor. | ) Re: Docket Nos. 336, 337, 404 |
| | ) |

**REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF THE MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) APPROVING CERTAIN DATES RELATED TO SOLICITATION AND CONFIRMATION OF THE PLAN; (C) APPROVING SOLICITATION AND NOTICE PROCEDURES RELATED THERETO; (D) APPROVING THE FORMS OF THE BALLOT AND THE NOTICES IN CONNECTION THEREWITH; (E) ESTABLISHING VOTING AND GENERAL TABULATION PROCEDURES; AND (F) GRANTING RELATED RELIEF; AND TO THE DISCLOSURE STATEMENT FOR THE PLAN OF LIQUIDATION OF SW LIQUIDATION, LLC PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") of SW Liquidation, LLC (the "Debtor"), by and through its undersigned counsel, hereby files this reply (the "Reply") in support of *the Motion of the Debtor for Entry of an Order (A) Approving the Disclosure Statement; (B) Approving Certain Dates Related to Solicitation and Confirmation of the Plan; (C) Approving Solicitation and Notice Procedures Related Thereto; (D) Approving the Forms of the Ballot and the Notices in Connection Therewith; (E) Establishing Voting and General Tabulation Procedures; and (F) Granting Related Relief; and to the Disclosure Statement for the Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 404] (the "Motion"), and in support hereof states as follows:

1.  The objection to the Motion (the "Hill Objection") filed by WS Finance, LLC, and JVSW, LLC (the "Hill Entities") should be overruled in its entirety because, at most, it

raises alleged deficiencies in the information provided in the Disclosure Statement that can be easily cured through amendments to the Disclosure Statement. The balance of the Hill Objection consists of arguments concerning the confirmability of the Plan that are not appropriately considered at this stage of the case and, in any event, are factually wrong. The Committee's primary concern is that this case proceed to confirmation as soon as possible so that the substantial proceeds of the sale of the Debtor's assets can be distributed to unsecured creditors and other constituents in these cases (including the Hill Entities) as soon as possible. To the extent that the Hill Entities have concerns regarding their treatment under the Plan, such issues can only appropriately be raised at confirmation. To delay approval of the Disclosure Statement and solicitation of the Plan only ensures further delay in the resolution of the case. For these reasons, the Committee requests that the Motion be approved and that the Plan be submitted to creditors for solicitation as soon as possible.

2.  On or about June 12, 2015, the Debtor completed the sale of substantially all of its assets pursuant to section 363 of the Bankruptcy Code. At closing on the asset sale, the purchaser funded the cash purchase price of $15 million. The proposed Plan, which the Committee supports, provides a mechanism to distribute the sale proceeds in accordance with the Bankruptcy Code.

3.  The Committee has been frustrated with the delays that have occurred in this case that, under the current schedule, will a result in distributions of the sale proceeds to the Debtor's creditors in September at the earliest -- fully three months after the sale closed. The Committee and the Debtor have worked together to develop the Plan and the proposed confirmation schedule. No party, including the Hill Entities, will benefit from any further delay in the confirmation process and the distribution of the sale proceeds.

4.   The Hill Objection can be characterized into two sub parts for purposes of consideration by the Court. First, the Hill Entities object to the confirmability of the Plan by arguing that the Plan is not feasible, and was not proposed in good faith. Hill Objection at ¶¶ 6–18. Second, the Hill Entities raise a number of "adequate information" objections to approval of the Disclosure Statement. Hill Objection at ¶¶ 19 – 32.

5.   The Hill Entities' objections to confirmation of the Plan are easily disposed of because the confirmability of the Plan is are more appropriately heard at the confirmation hearing rather than at a hearing to approve the disclosure statement.

6.   While it is accurate that the Third Circuit has held that when a proffered disclosure statement relates to a plan that is not confirmable on its face, the disclosure statement should not be approved, the Hill Entities conveniently fail to explain the very high bar that the Third Circuit imposed on this standard. *In re American Capital Equipment, LLC*, 688 F.3d 145, 154 (3d Cir. 2012). In fact, the Third Circuit held that a plan is only "patently unconfirmable" where two conditions are met: (i) there are defects in the plan that cannot be overcome by creditor voting, and (ii) those defects concern matters that are not based upon undisputed material facts. *Id.*, at 154-55.

7.   The Hill Entities' feasibility objection to the Plan falls well short of meeting the high burden needed to deny approval of a disclosure statement. Their objection that the reinstatement of the WS claim is not feasible flies in the face of the Plan waterfall included in the liquidation analysis. The Debtor presently has on hand approximately $15 million in cash. The WS claim is third in priority, after administrative expenses and payment of general unsecured claims. According to the liquidation analysis, the aggregate value of these senior classes to WS is $2,039,266, leaving enough funds available to service the WS debt after

reinstatement. It is difficult to conceive of a plan treatment that is more feasible than what WS is receiving in the Plan.

8. As far as the absence of good faith is concerned, the Hill Entities fail to explain their argument or provide any facts showing that the Plan is anything but the product of good faith. In any event, a good faith objection is hardly the type of confirmability issue contemplated by *American Capital* to justify withholding approval of the Disclosure Statement. At a minimum, both the Debtor and the Committee would vigorously contest any argument that the Plan has not been proposed in good faith.

9. With respect to the Hill Entities' "adequate information" arguments, while the Committee does not believe that further disclosure of information to the Hill Entities (the only voting parties other than general unsecured creditors) is needed, the Committee does not object to appropriate amendments to the Disclosure Statement to accommodate reasonable concerns about the adequate information included therein.

10. The Debtor and the Committee have worked together to construct a Plan that is confirmable and designed to bring final conclusion to this case. The Hill Objection simply fails to offer any basis to deny approval of the Disclosure Statement or to deny solicitation of the Plan. While the Hill Objection may portend further litigation with the Hill Entities in connection with confirmation, the only way that these issues can be properly brought before the court is to allow solicitation of the Plan and address the objection at the confirmation hearing. To deny solicitation of the Plan would eliminate this vehicle for the resolution of the Hill Entities' objections and result in further delays in the conclusion of this case. This result is strongly disfavored by the Committee - as it should also be by every other

constituent in the case, including the Hill Entities, who stand to recover millions of dollars from the sale proceeds.

WHEREFORE for these reasons, the Hill Objection should be overruled in its entirety and the Disclosure Statement should be approved.

Dated: August 3, 2015

KLEHR HARRISON HARVEY BRANZBURG LLP

By: */s/ Richard M. Beck*
Richard M. Beck (DE Id No. 3370)
Sally E. Veghte (DE Id No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
rbeck@klehr.com
sveghte@klehr.com

*Counsel to the Official Committee of Unsecured Creditors*