# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SW LIQUIDATION, LLC,[1] | Case No. 15-10327 (LSS) |
| Debtor. | Ref. Nos. 335, 336, 337, 404, 413, 417, 418, 419, 420, 421 and 422 |

## ORDER APPROVING MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) APPROVING CERTAIN DATES RELATED TO SOLICITATION AND CONFIRMATION OF THE PLAN; (C) APPROVING SOLICITATION AND NOTICE PROCEDURES RELATED THERETO; (D) APPROVING THE FORMS OF THE BALLOT AND THE NOTICES IN CONNECTION THEREWITH; (E) ESTABLISHING VOTING AND GENERAL TABULATION PROCEDURES; AND (F) GRANTING RELATED RELIEF

Upon the *Motion of the Debtor for Entry of an Order (A) Approving the Disclosure Statement; (B) Approving Certain Dates Related to Solicitation and Confirmation of the Plan; (C) Approving Solicitation and Notice Procedures Related Thereto; (D) Approving the Forms of the Ballot and Notices in Connection Therewith; (E) Establishing Voting and General Tabulation Procedures; and (F) Granting Related Relief* (the "Motion");[2] and upon review of the *Disclosure Statement for the Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States

---

[1] The last four digits of the Debtor's tax identification number are (7282). The Debtor's mailing address is P.O. Box 440, Gladwyne, PA 19035.

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

Constitution;[3] and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion and opportunity for objection have been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND THAT:

A.      The Debtor has all necessary authority to propose and prosecute the Plan and the Disclosure Statement.

B.      The Debtor has provided adequate notice of the Motion, and the time fixed for filing objections thereto, and the Disclosure Statement Hearing Notice, attached hereto as **Exhibit "B"**, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

C.      The period, set forth below, during which the Debtor may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan, including to make an informed decision to object to the Plan.

D.      The procedures for solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and in this Order below) provide for a fair and equitable voting process, and are consistent with Bankruptcy Code section 1126.

---

[3] Pursuant to Local Rule 9013-1(f), the Debtor hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

E.       The notices substantially in the form attached hereto as **Exhibit "C"** (the "Confirmation Hearing Notice"), **Exhibit "D"** (the "Non-Voting Status Notice–Deemed to Accept") and **Exhibit "E"** (the "Non-Voting Status Notice–Deemed to Reject"), and the procedures set forth below for providing such notices to known and unknown creditors of the time, date and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), and the contents of the Confirmation Hearing Notice, the Non-Voting Status Notice– Deemed to Accept and the Non-Voting Status Notice–Deemed to Reject, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

F.       The form of the Ballot attached hereto as **Exhibit "F"** are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Chapter 11 Case, and are appropriate for the Voting Class to vote to accept or reject the Plan.

NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.       The Motion is GRANTED as set forth herein.

2.       The Disclosure Statement is approved as containing adequate information within the meaning of Bankruptcy Code section 1125 and the Debtor is authorized to distribute the Disclosure Statement and the Solicitation Package in order to solicit votes on and pursue confirmation of the Plan.

3.       The Debtor has provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017 and Local Rules 2002-1 and 3017-1(a).

4.       Any objections to approval of the Disclosure Statement that were not withdrawn or resolved at or prior to the hearing to consider approval of the Disclosure Statement are overruled.

5.      The Confirmation Schedule is approved in its entirety.

6.      July 31, 2015 at 4:00 p.m. prevailing Eastern Time is established as the record date (the "Voting Record Date") to determine which creditors are entitled to vote on the Plan and whether claims have been properly transferred, including pursuant to Bankruptcy Rule 3001(e), such that the assignee may vote on the Plan.

7.      The Disclosure Statement, the Plan, and the Ballot provide holders of Claims and Interests and other parties in interest with sufficient notice regarding the General Unsecured Claim Settlement and the release, exculpation, and injunction provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

8.      The Solicitation Procedures, substantially in the form attached hereto as **Exhibit "A"** are hereby approved in their entirety, provided that the Debtor reserves the right to amend or supplement the Solicitation Procedures to better facilitate the solicitation process.

9.      The procedures for distribution of the Solicitation Packages set forth in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and the Debtor shall distribute or cause to be distributed Solicitation Packages to all Entities entitled to vote to accept or reject the Plan on or before August 12, 2015 (the "Solicitation Date").

10.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit "C"**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is hereby approved.

11.     The Debtor's letter to the Voting Class, substantially in the form attached hereto as **Exhibit "H"** is hereby approved. The Debtor is authorized, but not required, to include such a letter in the Solicitation Package. The Debtor is also authorized, but not required, to include a

letter in form and substance, acceptable to the Debtor in its discretion, from the Committee urging General Unsecured Creditors in Class 3 to vote to accept the Plan.

12.     The form of the Ballot, substantially in the form attached hereto as **Exhibit "F"** is hereby approved. The form of the voting instructions, substantially in form attached to the Ballot, on **Exhibit "F"** is hereby approved.

13.     The Voting Deadline is established as September 9, 2015 at 11:59 p.m. prevailing Eastern Time, unless otherwise extended by the Debtor.

14.     All Ballots must be properly executed, completed, and delivered according to the voting instructions by: (a) first class mail, in the return envelope provided with the Ballot; (b) overnight courier; or (c) personal delivery, so that the Ballots are actually received by UpShot no later than the Voting Deadline at the return address set forth in the Ballot.

15.     In addition to accepting Ballots via first class mail, overnight courier and hand delivery, the Debtor is authorized to accept Ballots electronically, so as to be **actually received** on or before the Voting Deadline, through a customized "E-Ballot" section on the Debtor's case website, http://www.upshotservices.com/Saladworks. Parties entitled to vote may electronically sign and submit such a Ballot, with the electronic signature being deemed immediately legally valid and enforceable.

16.     Except as expressly permitted above in the context of electronic submissions of Ballots through the Debtor's case website, Ballots otherwise sent by facsimile, telecopy, electronic mail or other form of electronic submissions will **not** be accepted.

17.     The Non-Voting Status Notice-Deemed to Accept, substantially in the form attached hereto as **Exhibit "D"** is hereby approved.

18.    The Non-Voting Status Notice-Deemed to Reject, substantially in the form attached hereto as **Exhibit "E"** is hereby approved.

19.    Ballots and copies of the Plan and Disclosure Statement need not be provided to the holders of Claims who are in Unimpaired Classes or who are unclassified under the Plan and are, therefore, deemed to accept the Plan.

20.    The form of the Disputed Claim Notice, substantially in the form attached hereto as **Exhibit "G"** is hereby approved.

21.    September 9, 2015 at 4:00 p.m. prevailing Eastern Time is established as the Plan Objection Deadline.  Objections to the Plan, if any, must be (i) in writing; (ii) conform to the Bankruptcy Rules and Local Rules; (iii) state the name and the amount and nature of the claim or interest of such entity; (iv) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed, together with a proof of service, with the Court and served so that they are **actually received** by the Notice Parties identified in the Confirmation Hearing Notice on or prior to the Plan Objection Deadline.

22.    The Debtor, and any other party in interest supporting confirmation of the Plan, shall be permitted to file replies to objections to confirmation of the Plan no later than September 14, 2015 at 4:00 p.m. prevailing Eastern Time.

23.    The Confirmation Hearing shall be held on September 16, 2015 at 10:00 a.m. prevailing Eastern Time; provided however that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtor without further notice, except for notice to the U.S. Trustee, the Committee, WS Finance, LLC and JVSW, LLC, at any time prior to the commencement of the Confirmation Hearing.

24.    The Debtor shall mail or cause to be mailed to all holders of Claims entitled to vote on the Plan a Solicitation Package on or before August 12, 2015.  The Solicitation Package shall contain:

(a) Either (i) the Disclosure Statement Order (with the Solicitation Procedures, which shall be attached as Exhibit A thereto) and the approved form of the Disclosure Statement (together with the Plan) in either paper or CD-ROM format with the Ballot and voting instructions (with a pre-addressed, postage prepaid return envelope); or (ii) a notice of non-voting status;

(b) to the extent a holder of any Claim receives the materials set forth in clause (a)(i) above, such holder also shall receive (i) a letter from the Debtor (at the Debtor's option), substantially in the form attached as **Exhibit "H"** to the Disclosure Statement Order, urging holders of Claims and Interests entitled to vote on the Plan to vote to accept the Plan, and (ii) a letter in form and substance, acceptable to the Debtor in its discretion, from the Committee urging General Unsecured Creditors in Class 3 to vote to accept the Plan;

(c) the Confirmation Hearing Notice; and

(d) such other materials as the Bankruptcy Court may direct or authorize.

25.    Pursuant to Bankruptcy Rule 3017(d), the Debtor is not required to transmit a Solicitation Package to non-voting parties.  Instead, the Debtor shall mail, or cause to be mailed, either a Non-Voting Status Notice–Deemed to Accept or a Non-Voting Status Notice–Deemed to Reject, as applicable, to each non-voting party on or before the Solicitation Date.

26.    The Debtor shall be excused from mailing Solicitation Packages to those entities to whom the Debtor mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that such notice was undeliverable unless such entity provides the Debtor, through UpShot, an accurate address not less than ten (10) calendar days prior to the Solicitation Date.  If an entity has changed its mailing address after the Petition Date, the burden is on such entity, not the Debtor, to advise the Debtor and UpShot of the new address.

27.    The Debtor is authorized to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Ballot, Confirmation Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package after the entry of this Order and prior to the distribution of the Solicitation Package and related materials.

28.    The terms of this Order shall be binding upon the Debtor, all holders of Claims and Interests, and any trustees appointed under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtor and all other parties in interest.

29.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

31.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: August 5, 2015
       Wilmington, Delaware

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge