## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SW LIQUIDATION, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10327 (LSS)<br><br>Ref. Nos. 417, 418 and 428 |

### NOTICE OF (A) THE SOLICITATION AND VOTING PROCEDURES AND (B) THE OBJECTION DEADLINE AND CONFIRMATION HEARING WITH RESPECT TO THE AMENDED PLAN OF LIQUIDATION OF SW LIQUIDATION, LLC PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**TO ALL HOLDERS OF CLAIMS AND INTERESTS AND PARTIES IN INTEREST**

1. **Bankruptcy Court Approval of the Disclosure Statement and the Solicitation Procedures.** On August 5, 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. 428] (the "Disclosure Statement Order") approving, among other things, the *Amended Disclosure Statement for the Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 418] (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement"), as containing adequate information, as required under Bankruptcy Code section 1125(a) and authorizing the above-captioned debtor and debtor-in-possession (collectively, the "Debtor") to solicit votes with regard to the acceptance or rejection of the *Amended Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 417] (as may be amended, supplemented or modified, including all exhibits thereto, the "Plan").[2]

2. **Voting Record Date.** The Voting Record Date for purposes of determining which holders of Claims are entitled to vote on the Plan is July 31, 2015 at 4:00 p.m. prevailing Eastern Time.

3. **Voting Deadline.** If you hold a Claim against the Debtor as of the Voting Record Date and are entitled to vote to accept or reject the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s). For your vote to accept or reject the Plan to be counted, you must follow the appropriate voting instructions, complete all required information on the Ballot, execute and return the completed Ballot so that it is **actually received** in accordance with the voting instructions set forth in the Ballot by September 9, 2015 at 11:59 p.m. prevailing Eastern Time (the "Voting Deadline"). Any failure to

---

[1] The last four digits of the Debtor's tax identification number are (7282). The Debtor's mailing address is P.O. Box 440, Gladwyne, PA 19035.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

{1045.002-W0037737.2}

follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

4. **Objections to the Plan.** The Bankruptcy Court has established September 9, 2015 at 4:00 p.m. prevailing Eastern Time, as the last date and time for filing and serving objections to Plan Confirmation (the "Plan Objection Deadline"). Any objection to the Plan must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity, (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, together with a proof of service, with the Bankruptcy Court and served so that it is actually received no later than the Plan Objection Deadline, by: (a) Landis Rath & Cobb, LLP, Attn: Adam Landis. Esq. and Kerri Mumford, Esq., 919 North Market Street, Suite 1800, Wilmington, DE 19801, attorneys for the Debtor; (b) Klehr Harrison Harvey Branzburg LLP, Attn: Richard M. Beck, Esq., 919 North Market Street, Suite 1000, Wilmington, DE 19801, attorney for the Committee; (c) the U.S. Trustee, Attn: Jane Leamy, Esq., Trial Attorney, J. Caleb Boggs Federal Building, 844 King Street, 2nd Floor, Room 2112, Wilmington, Delaware 19801 and (d) counsel to WS Finance, LLC and JVSW, LLC, Weir & Partners LLP, Attn: Kenneth E. Aaron, Esq. and Jeffrey S. Cianciulli, Esq., The Widener Building, Suite 500, 1339 Chestnut Street, Philadelphia, PA 19107 (collectively, the "Notice Parties")

5. **Confirmation Hearing.** A hearing to confirm the Plan (the "Confirmation Hearing") will commence on September 16, 2015 at 10:00 a.m. prevailing Eastern Time before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 6th Floor, Wilmington, DE 19801. Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the Local Rules of the Bankruptcy Court or otherwise (the "Service List"). In accordance with the Plan, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing by further action by the Debtor and without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

6. **Inquiries.** The Debtor shall serve paper or CD-ROM format copies of the Disclosure Statement Order, the Disclosure Statement and all exhibits to the Disclosure Statement, including the Plan, on the Service List and all Entities entitled to vote to accept or reject the Plan. Holders of Claims who are entitled to vote to accept or reject the Plan shall receive a Solicitation Package, containing, among other things, paper or CD-ROM format copies of this Notice, the applicable Ballot and the Solicitation Procedures. The Solicitation Package may be obtained from UpShot Services, LLC ("UpShot") the administrative agent retained by the Debtor in this Chapter 11 Case, by: (a) calling UpShot at (855) 812-6112; (b) visiting the Debtor's Chapter 11 Case website at: http://www.upshotservices.com/saladworks; and/or (c) writing to SW Liquidation, LLC Ballot Processing, c/o UpShot Services LLC, 7808 Cherry Creek South Drive, Suite 112,

Denver CO 80231. You may also obtain copies of any pleadings filed in this Chapter 11 Case for a fee via PACER at: http://www.deb.uscourts.gov. For holders of Claims and Interests, UpShot will answer questions regarding the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, provide additional copies of all materials, and oversee the voting tabulation.

7. **Temporary Allowance of Claims for Voting Purposes.** Holders of Claims that are subject to a pending objection by the Debtor as of the Voting Record Date cannot vote on the Plan; provided, that if the Debtor objects to only a portion of a Claim, such Claim may be voted in the undisputed amount. Moreover, a holder of a Claim cannot vote any disputed portion of its Claim unless one or more of the following has taken place at least five (5) business days before the Voting Deadline (each, a "Resolution Event"):

    a. an order of the Bankruptcy Court is entered allowing such Claim pursuant to Bankruptcy Code section 502(b), after notice and a hearing;

    b. an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    c. a stipulation or other agreement is executed between the holder of such Claim and the Debtor resolving the objection and allowing such Claim in an agreed upon amount;

    d. a stipulation or other agreement is executed between the holder of such Claim and the Debtor temporarily allowing the holder of such Claim to vote its Claim in an agreed upon amount; or

    e. the pending objection to such Claim is voluntarily withdrawn by the Debtor.

8. No later than two (2) business days after a Resolution Event, UpShot shall distribute a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant holder of such temporarily Allowed Claim that has been Allowed for voting purposes only (or for other purposes as set forth in an applicable order of the Bankruptcy Court) by such Resolution Event, which must be returned according to the instructions on the Ballot by no later than the Voting Deadline.

9. If the holder of a Claim receives a Solicitation Package and the Debtor objects to such Claim after the Voting Record Date but at least fifteen (15) days prior to the Confirmation Hearing, the Debtor's notice of objection will inform such holder of the rules applicable to Claims and Interests subject to a pending objection and the procedures for temporary allowance for voting purposes. Furthermore, if the holder of a Claim receives a Solicitation Package and the Debtor objects to such Claim less than fifteen (15) days prior to the Confirmation Hearing, the holder's Claim shall be deemed temporarily allowed for voting purposes only without further action by the holder of such Claim and without further order of the Bankruptcy Court.

10. **Settlement, Release, Exculpation, and Injunction Language in the Plan.** Please be advised that Article VIII of the Plan contains the following General Unsecured Settlement, exculpation, releases, and injunction provisions:

Article VIII C. General Unsecured Claim Settlement

Pursuant to Bankruptcy Code sections 363 and 1123 and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of the issues related to the allowance and distribution of General Unsecured Claims. In consideration for the waiver of post-petition interest, as approved by the holder of such Allowed General Unsecured Claim pursuant to a vote in favor of the Plan and does not opt-out of the General Unsecured Claims Settlement, all Allowed General Unsecured Claims shall be paid on the Effective Date and all holders of such Allowed General Unsecured Claims agree to waive post-petition interest on payment of such Allowed General Unsecured Claims. In addition, for each holder of an Allowed General Unsecured Claim who votes in favor of the Plan and does not opt-out of the General Unsecured Claims Settlement, (a) the Claims Objection Deadline shall be thirty (30) days after the Effective Date and (b) all Causes of Action against holders of General Unsecured Claims, other than the Hill Entities, shall be waived. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of this compromise and settlement, as well as a finding by the Bankruptcy Court that such compromise and settlement is in the best interests of the Debtor, its Estate and stakeholders, and is fair, equitable and reasonable.

Article VIII.G Exculpation

None of the Exculpated Persons shall have or incur any liability to any holder of a Claim or Interest for any Exculpated Claim, except for actual fraud, willful misconduct or gross negligence, and in all respects, the Exculpated Person shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

Article VIII.H.1 Releases by the Debtor

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtor and the Liquidating Trustee, and any Person seeking to exercise the rights of the Debtor's Estate, shall be deemed to

forever release, waive, and discharge all claims, obligations suits, judgments, damages, demands, debts, rights, remedies, Causes of Action and liabilities of any nature whatsoever (including the Scardapane Potential Litigation), whether direct or derivative, in connection with or related to the Debtor, the Chapter 11 Case, or the Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or prior to the Effective Date against the Released Parties.

Article VII.H.2  Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Person (a) that has voted to accept the Plan and has not opted out from granting the releases contained herein; (b) that has voted to reject the Plan but has not opted out from granting the releases contained herein; (c) that is deemed to accept the Plan; or (d) who otherwise agrees to provide the releases set forth herein, shall be deemed to forever release, waive, and discharge all claims, obligations suits, judgments, damages, demands, debts, rights, remedies, Causes of Action and liabilities of any nature whatsoever (including the Scardapane Potential Litigation), whether direct or derivative, in connection with or related to the Debtor, the Chapter 11 Case, or the Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or prior to the Effective Date against the Released Parties.

Article VIII.H.3 Releases by the Scardapane Entities

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Scardapane Entities shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action and liabilities of any nature whatsoever, whether direct or derivative, in connection with or related to the Debtor, the Chapter 11 Case, or the Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured,

known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or prior to the Effective Date against (i) the Debtor; (ii) the Debtor's current and former officers, directors, managers, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such; (iii) the Liquidating Trust; (iv) the Liquidating Trustee and (v) the Liquidating Trust's agents, financial advisors, attorneys, accountants, consultants, representatives and other professionals, in each case in their capacity as such.

Article VIII.I Injunction

Except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, all Entities that have held, hold or may hold a Claim or other debt or liability against the Debtor or Interest in the Debtor are (a) permanently enjoined from taking any of the following actions against the Debtor or the Liquidating trust or any of their property on account of such Claims or Interests and (b) preliminary enjoined from taking any of the following actions against the Debtor or the Liquidating Trust, or their property on account of such Claims or Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (c) commencing or continuing in any manner or in any place, any action that does not comply with or is inconsistent with the provision.

Article VIII.J Terms of Injunction or Stays

Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Case pursuant to Bankruptcy Code section 105 or 362 or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASES, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: August 5, 2015
      Wilmington, DE

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE 19801
Tel:   (302) 467-4400
Fax:  (302) 467-4450
Email: landis@lrclaw.com
       mumford@lrclaw.com
       brown@lrclaw.com

*Counsel to the Debtor and Debtor-In-Possession*