## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SW LIQUIDATION, LLC,[1] | Case No. 15-10327 (LSS) |
| Debtor. | Ref. Nos. 335, 336, 337, 338, 347, 417, 418, 419. 420, 428, 431, 467, 493, 531, 533, 534, 557, 561, 567, 572, 573, 574, 698, 700, 701 and 702 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE SECOND AMENDED PLAN OF LIQUIDATION OF SW LIQUIDATION, LLC PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

The above-captioned debtor and debtor-in-possession (the "Debtor") having:

a.  filed, (i) on July 1, 2015, the *Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 335] and (ii) on August 3, 2015, the *Amended Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 417] (as further modified, supplemented and amended, the "Plan");[2]

b.  filed, (i) on July 1, 2015, the *Disclosure Statement for the Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 336] and (ii) on August 3, 2015, the *Amended Disclosure Statement for the Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 418] (as further modified, supplemented and amended, the "Disclosure Statement");

c.  filed, on August 3, 2015, blacklines of the revised Disclosure Statement and Plan [D.I. Nos. 419, 420];

d.  filed, on August 5, 2015, the *Notice of (A) the Solicitation and Voting Procedures and (B) the Objection Deadline and Confirmation Hearing with Respect to the Amended Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 431];

e.  distributed solicitations materials, including the ballot for voting on the Plan (the "Ballot") on or about August 12, 2015 in the form approved in that certain

---

[1] The last four digits of the Debtor's tax identification number are (7282). The Debtor's mailing address is P.O. Box 440, Gladwyne, PA 19035.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan. The rules of interpretation set forth in Article I.A of the Plan shall apply to this order (the "Confirmation Order").

*Order Approving Motion of the Debtor for Entry of an Order (A) Approving the Disclosure Statement; (B) Approving Certain Dates Related to Solicitation and Confirmation of the Plan; (C) Approving Solicitation and Notice Procedures Related Thereto; (D) Approving the Forms of the Ballot and the Notices in Connection Therewith; (E) Establishing Voting and General Tabulation Procedures; and (F) Granting Related Relief* [D.I. 428] (the "Solicitation Order"), to holders of Claims and Interests and contract and lease counterparties, and parties in interest, in compliance with the procedures contained in the Solicitation Order, title 11 of the United States Code (as amended, the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as set forth in the *Affidavit of Service* of UpShot Services LLC ("UpShot") (and any supplements thereto), dated August 12, 2015 [D.I. 440] (the "Vandell Affidavit"), and sworn to by Travis K. Vandell of UpShot;

f.     filed, on September 10, 2015, the *Notice of Filing of Plan Supplement* [D.I. 534] (as amended or modified, the "Plan Supplement");

g.     filed, on September 11, 2015 the *Certification of UpShot Services LLC Regarding Tabulation of Votes in Connection with the Amended Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 557], as amended on October 29, 2015 [D.I. 702] (as amended or modified, the "Voting Certification");

h.     filed, on September 15, 2015, the *Debtor's Memorandum of Law in Support of Confirmation of Amended Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 572];

i.     participated in court-ordered mediation with the Scardapane Entities, the Hill Entities and the Creditors' Committee, which resulted in a global resolution of the various issues between the Scardapane Entities and the Hill Entities and a consensual amended Plan and resolution of all outstanding motions and objections related to the Plan and voting thereon;

j.     filed, on October 29, 2015, the *Second Amended Plan of Liquidation of SW Liquidation, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 698]; and

k.     filed, on October 29, 2015, the *Declaration of Edward H. Chambers* [D.I. 701]

l.     filed, on October 29, 2015, the *Notice of Filing Amended Plan Supplement* [D.I. 700].

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") having:

a.     entered the Solicitation Order on August 5, 2015;

b.      by the Solicitation Order set the deadline to object to the Plan as September 9, 2015 at 4:00 p.m. prevailing Eastern Time and the Plan voting deadline as September 9, 2015 at 11:59 p.m. prevailing Eastern Time;

c.      entered that certain *Order Referring Plan Issues to Mediation, Appointing Mediator and Amended Stipulated Scheduling Order* [D.I. 608] on September 21, 2015 (the "Mediation Order");

d.      by the Mediation Order, among other things, set October 28, 2015 at 10:00 a.m. prevailing Eastern Time, as the date and time for the commencement of the Confirmation Hearing, which was adjourned with permission of the Court to October 30, 2015 at 10:00 a.m.;

a.      reviewed the Plan, the Disclosure Statement, the Plan Supplement, the Confirmation Brief, the Voting Certification, and all other pleadings, exhibits, statements, affidavits, declarations and comments regarding Confirmation of the Plan, including all objections, statements and reservations of rights made with respect thereto;

b.      heard the statements, arguments and objections made by counsel and parties in interest in respect of Confirmation of the Plan;

c.      considered all oral representations, testimony, documents, filings and other evidence regarding Confirmation of the Plan;

d.      received certain objections to, and reservation of rights with respect to, Confirmation of the Plan [D.I. 493, 531 and 533];

e.      overruled any and all objections to the Plan and Confirmation thereof and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated; and

f.      taken judicial notice of the papers and pleadings filed in this chapter 11 case (the "Chapter 11 Case").

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the Confirmation Hearing (the "Confirmation Notice") and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all entities affected or to be affected by the Plan and the transactions contemplated thereby, that the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein, and that after due deliberation thereon

and good cause appearing therefore, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and orders:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.      <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.  The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  Approval of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto.  Venue was proper as of the Petition Date and is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      <u>Eligibility for Relief</u>.  The Debtor qualifies as a "debtor" under Bankruptcy Code section 109.  As such, the Debtor is a proper proponent of the Plan.

D.      <u>Commencement of this Chapter 11 Case</u>.  On February 17, 2015 (the "<u>Petition Date</u>"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as a debtor-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.  As of the date hereof, no trustee or examiner has been appointed in this Chapter 11 Case.

E.    Statutory Committee of Unsecured Creditors. On February 26, 2015, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors in the Chapter 11 Case (the "Committee"). On June 17, 2015, the Committee was reconstituted based on the resignation of Eight Tower Bridge Development Associates from the Committee. On July 21, 2015, the Committee was reconstituted for the second time based on the resignation of Michael Bartell and the addition of GGP Limited Partnership to the Committee.

F.    Judicial Notice. The Bankruptcy Court takes judicial notice of the docket of the Debtor's Chapter 11 Case maintained by the Clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of this Chapter 11 Case.

G.    Claims Bar Date. On April 22, 2015, the Bankruptcy Court entered the *Order Granting Motion of the Debtor for Entry of an Order (A) Establishing Bar Dates for Filing Proofs of Claim, (Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Proofs of Interest; (B) Approving the Form and Manner of Filing Proofs of Claim and Proofs of Interest; and (C) Approving Notice Thereof* [D.I. 177] (the "Bar Date Order"). The Bar Date Order, among other things, (i) established May 29, 2015 as the general bar date and administrative bar date, (ii) established August 17, 2015 as the governmental bar date, (iii) approved the form and manner for filing proofs of claim and interest, and (iv) approved notice of the applicable bar dates.

H.    Burden of Proof. The Debtor has the burden of proving the elements of Bankruptcy Code sections 1129(a) and (b) by a preponderance of the evidence. The Debtor has met its burden with respect to each applicable element of Bankruptcy Code section 1129. Each

witness who testified on behalf of the Debtor at or in connection with the Confirmation Hearing was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

**The Solicitation Process**

I.      <u>Solicitation</u>.   Each of the Plan, the Disclosure Statement, the Ballot, and the Confirmation Notice were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and the Solicitation Order.  The form of the Ballot adequately addresses the particular needs of this Chapter 11 Case and is appropriate for holders of Claims in Class 3 (General Unsecured Claims) – the Class of Claims entitled to vote to accept or reject the Plan.  The period during which the Debtor solicited acceptances to the Plan was a reasonable period of time for holders to make an informed decision to accept or reject the Plan, and was in accordance with the Solicitation Order, and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation.  The Debtor was not required to solicit votes from the holders of Claims or Interests in Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims), Class 5 (Guaranteed Payment Claims), Class 7 (Class C Claims), Class 8 (Class C Interests) and Class 9 (Class A Interests) as these Classes and Interests are unimpaired under the Plan, and thus, the holders of such Claims or Interests are deemed to have accepted the Plan.  The Debtor also was not required to solicit votes from Classes 4 or 5 as these Classes are reserved under the Plan.  As described in and as evidenced by the Voting Certification, the transmittal and service of the Plan, the Disclosure Statement, the Ballot, and the Confirmation Notice (the "<u>Solicitation</u>") were timely, adequate and sufficient under the circumstances.

J.    <u>Notice</u>. As is evidenced by the Vandell Affidavit, all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) were served with the Confirmation Notice and have been given due, proper, timely, and adequate notice in accordance with the Solicitation Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice or resolicitation is required.

K.    <u>Good Faith Solicitation</u>. Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Debtor and members, officers, directors, employees and agents and its respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons (i) have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Bankruptcy Code section 1125 and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan (to the extent deemed applicable), and therefore are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of the securities under the Plan, if any, and are entitled to the protections afforded by Bankruptcy Code section 1125(e) and, to the

extent such parties are listed therein, the exculpation provisions set forth in Article VIII of the Plan.

L.   <u>Voting</u>.  As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Plan, the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation.  As set forth in the Voting Certification on Exhibit B thereto, and pursuant to the Hill Entities Settlement, Class 3 (General Unsecured Claims), the only Class of Claims entitled to vote on the Plan, voted unanimously to accept the Plan.[3]  Based on the foregoing, and as evidenced by the Voting Certification, at least one Impaired Class of Claims has voted to accept the Plan in accordance with the requirements of Bankruptcy Code sections 1124 and 1126.

M.   <u>The General Unsecured Claims Settlement, the Scardapane Entities Amended Plan Settlement and the Hill Entities Settlement</u>.  Except as otherwise provided in the Plan and this Confirmation Order, the Plan contains three settlements (i) between and among the Debtor and the General Unsecured Creditors who did not opt out of the settlement that provides for payment of Allowed General Unsecured Claims on the Class 3 – General Unsecured Creditor Distribution Date in consideration for the waiver of interest as set forth in Article VIII.C of the Plan (the "<u>General Unsecured Claims Settlement</u>"); (ii) between and among the Debtor, the Scardapane Entities and the Hill Entities resolving the Scardapane Potential Litigation, which includes all claims asserted by the Scardapane Entities (including but not limited to the Tax Distribution Claim and Advancement Claim) as set forth in Article VIII.B of the Plan (the "<u>Scardapane Entities Amended Plan Settlement</u>") and (iii) between and among the Debtor, the

---

[3] Pursuant to Article VIII.D of the Plan, SDI and HSS have changed their votes to a vote in favor of the Plan and WS Finance is deemed to have voted in favor of the Plan.

Scardapane Entities and the Hill Entities resolving the claims filed by the Hill Entities and the potential claims against them as set forth in Article VIII.D of the Plan (the "Hill Entities Settlement" and together with the General Unsecured Claims Settlement and the Scardapane Entities Amended Plan Settlement are collectively referenced as the "Plan Settlements").  The Plan Settlements, as reflected in the relative distributions and recoveries or other benefits provided to holders of Claims or Interests under the Plan, saves the Debtor and its Estate the costs and expenses of prosecuting various disputes, the outcomes of which are likely to consume substantial resources of the Debtor's Estate and require substantial time to adjudicate, and have facilitated the creation and implementation of the Plan, the timely distribution to holders of Allowed Class C (General Unsecured Claims) and benefits the Debtor's Estate, Creditors and Interest holders.  Accordingly, the Plan Settlements are each fair and reasonable.

N.    Releases, Exculpation and Injunction.   Pursuant to Bankruptcy Code section 1123(b)(3) and Bankruptcy Rule 9019(a), the settlements, compromises, exculpations and injunctions set forth in Article VIII of the Plan and implemented by this Confirmation Order, are fair, equitable, reasonable and in the best interests of the Debtor, its Estate, Creditors and Interest holders.  The record of the Confirmation Hearing and this Chapter 11 Case is sufficient to support the settlements, releases, exculpations, and injunctions provided for in Article VIII of the Plan.

O.    Plan Supplement.  The Debtor has filed the Plan Supplement, which included: (i) the form of the Liquidating Trust Agreement, which was amended; (ii) the identity of the Liquidating Trustee; and (iii) a disclosure regarding the Retained Causes of Action to be retained by the Liquidating Trust upon the Effective Date of the Plan.  All documents contained in the Plan Supplement comply with the terms of the Plan, and the filing, notice, and service of such

documents were done in accordance with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation and no other or further notice is or shall be required.

**Compliance with the Requirements of Bankruptcy Code Section 1129**

P.    <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the Debtor as the proponent of the Plan, thereby satisfying Bankruptcy Code section 1129(a)(1).

(i)    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  With the exception of the Administrative Claims and Priority Tax Claims, which need not be classified, Article III of the Plan classifies seven (7) Classes of Claims and Interests in the Debtor with two (2) reserved Classes.  The Claims and Interests placed in each Class are substantially similar to the other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests. The subordination of Class 7 (Class C Claims) to Class 5 (Guaranteed Payment Claims) is appropriate under Bankruptcy Code section 510(b) and is consensual pursuant to the Plan Settlements.  Accordingly, the Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

(ii)    <u>Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2))</u>.  Articles III.B and III.C of the Plan specify that Claims or Interests in Class 1 (Priority Non-Tax Claims), Class 2 (Secured Claims), Class 5 (Guaranteed Payment Claims), Class 7 (Class C Claims), Class 8 (Class C Interests) and Class 9 (Class A Interests) (collectively referenced as the "<u>Unimpaired</u>

Classes") are unimpaired under the Plan within the meaning of Bankruptcy Code section 1124, thereby satisfying Bankruptcy Code section 1123(a)(2).

(iii)     Specified Treatment of Impaired Class (11 U.S.C. § 1123(a)(3)).  Articles III.B and III.C of the Plan designate Claims in Class 3 (General Unsecured Claims) (the "Impaired Class") as impaired within the meaning of Bankruptcy Code section 1124 and clearly specifies the treatment of such Claims in that Class, thereby satisfying Bankruptcy Code section 1123(a)(3).

(iv)     No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment for each Claim or Interest in each respective Class except in Class 3 where the holder of such General Unsecured Claim has agreed to less favorable treatment by not opting out of the General Unsecured Claims Settlement, thereby satisfying Bankruptcy Code section 1123(a)(4).

(v)     Adequate Means for Plan Implementation (11 U.S.C. § 1123(a)(5)).  The Plan, the Plan Supplement and the Liquidating Trust Agreement provide adequate and proper means for the implementation of the Plan, including, without limitation, (i) the creation of the Liquidating Trust and vesting of certain assets therein; (ii) the appointment of the Liquidating Trustee; and (iii) the procedures for making distributions to holders of Allowed Claims and Interests.  Accordingly, the Plan satisfies Bankruptcy Code section 1123(a)(5).

(vi)     Prohibition of Issuance of Non-Voting Securities (11 U.S.C. § 1123(a)(6)).  Bankruptcy Code section 1123(a)(6) does not apply to the Plan because the Debtor does not propose to issue any non-voting equity securities under the Plan and any charter of the Debtor will, after the Effective Date, no longer be valid and existing, except as otherwise set forth in Article IV.B of the Plan.

(vii)    Designation of Officers, Directors or Trustees (11 U.S.C. § 1123(a)(7)). The Plan does not appoint any officers or directors of the Debtor, except as otherwise set forth in Article IV.A.13.  Section 1123(a)(7) is thus inapplicable.  In the Plan Supplement, however, the Liquidating Trustee has been identified.

(viii)    Earnings from Personal Services (11 U.S.C. § 1123(a)(8)).  Bankruptcy Code section 1123(a)(8) applies only to individual debtors and is not applicable to this Chapter 11 Case.

(ix)    Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1)).  As permitted by Bankruptcy Code section 1123(b)(1), pursuant to Articles III.B and III.C of the Plan, Claims in the Impaired Class are impaired and, pursuant to Articles III.B and III.C of the Plan, Claims or Interests in the Unimpaired Classes, are unimpaired.

(x)    Assumption and Rejection (11 U.S.C. § 1123(b)(2)).  As permitted by Bankruptcy Code section 1123(b)(2) and Article VI of the Plan, all executory contracts and unexpired leases shall be deemed rejected as of the Effective Date, unless such executory contract or unexpired lease: (i) was assumed and assigned previously or rejected previously by the Debtor, (ii) previously expired or terminated pursuant to its own terms; or (iii) is the subject of a motion to assume filed on or before the Effective Date.  Rejection of these executory contracts and unexpired leases pursuant to the Plan satisfies the requirements of Bankruptcy Code section 365, and is expressly authorized by Bankruptcy Code section 1123(b)(2).  The Debtor has exercised reasonable business judgment in determining to reject the executory contracts and unexpired leases to be rejected under the Plan.  The rejection of each executory contract or unexpired lease rejected under the Plan shall be binding on the Debtor and each non-debtor party to each such executory contract or unexpired lease.

(xi)    Settlement/Retention of Claim or Interests (11 U.S.C. § 1123(b)(3)).

Pursuant to Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest.    The compromise and settlement of such Claims and Interests embodied in the Plan, including the Plan Settlements, are in the best interests of the Debtor, the Estate and all holders of Claims and Interests, and are fair, equitable and reasonable.    As permitted by Bankruptcy Code section 1123(b)(3), Article IV of the Plan provides that, from and after the Effective Date, except as otherwise expressly provided in the Plan, the Liquidating Trustee may pursue (i) objections to, estimation of and settlements of Claims and Interests, other than the Allowed GUC Claims or Fee Claims of Consenting Professionals and (ii) any cause of action of the Debtor's Estate not otherwise released under the Plan or sold or otherwise transferred to the Buyer pursuant to the Sale.

(xii)    Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).    As permitted by Bankruptcy Code section 1123(b)(6), the Plan includes other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code, including, without limitation, certain release, exculpation, and injunction provisions in Article VIII of the Plan. Based upon the facts and circumstances of this Chapter 11 Case, the release, exculpation, and injunction provisions in the Plan, including the releases set forth in Article VIII.I of the Plan, are fair, equitable, and reasonable, are supported by sufficient and valuable consideration, are an integral component of compromises and settlements underlying the Plan, are necessary for the

realization of value for stakeholders, are the product of extensive arm's length negotiations, and a mediation in front of Chief Judge Brendan Linehan Shannon, or based on consent, were necessary to the formation of the consensus embodied in the Plan and the Plan Supplement documents, are in the best interests of the Debtor and its Estate, Creditors, and Interest holders, and are, in light of the foregoing, appropriate. The failure to implement the release, exculpation, and injunction provisions would seriously impair the Debtor's ability to confirm and consummate the Plan, and would possibly lead to the conversion of the Debtor's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. Each Exculpated Person and Released Party afforded value to the Debtor and aided in the plan process. Each Exculpated Person and Released Party played an integral role in the formulation of the Plan and has expended significant time and resources analyzing and negotiating the issues presented by this Chapter 11 Case. In addition, the Debtor releases set forth in Article VIII.I of the Plan are consensual and the exculpations in Article VIII.G of the Plan do not relieve any party of liability for fraud, gross negligence or willful misconduct. Accordingly, based upon the record of this Chapter 11 Case, the representations of the parties, and/or the evidence proffered or adduced at the Confirmation Hearing, the Bankruptcy Court finds that the release, exculpation, and injunction provisions set forth in Article VIII of the Plan are consistent with the Bankruptcy Code and applicable law and are appropriate under the circumstances.

Q. <u>Compliance with Bankruptcy Rule 3016</u>. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with this Bankruptcy Court satisfies Bankruptcy Rule 3016(b). The Plan and the Confirmation Notice describe in specific and conspicuous language all acts to be enjoined under

the Plan and identify all entities that are subject to the injunctions set forth in the Plan in accordance with Bankruptcy Rule 3016(c).

R.    The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). Except as otherwise provided for or permitted by order of the Bankruptcy Court, the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Solicitation Order in transmitting the Plan, the Plan Supplement, the Disclosure Statement, the Ballot, and related documents and notices and in soliciting and tabulating the votes on the Plan. Accordingly, the requirements of Bankruptcy Code section 1129(a)(2) are satisfied.

S.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtor has proposed the Plan, including all documents necessary to effectuate the Plan, in good faith and not by any means forbidden by law, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(3). The Debtor's good faith is evident from the facts and record of this Chapter 11 Case, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case. The Plan itself and the process leading to its formulation provide independent evidence of the Debtor's good faith, serve the public interest, and assure fair treatment of holders of Claims and Interests. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to maximize distributions to all Creditors and Interest holders. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with Bankruptcy Code sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142, and are integral to the Plan and supported by valuable consideration.

T.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtor, or by any other person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with this Chapter 11 Case, or in connection with the Plan and incident to this Chapter 11 Case, has been approved by, or shall be subject to the approval of, the Bankruptcy Court as reasonable. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(4).

U.      Directors, Officers, and Successors (11 U.S.C. § 1129(a)(5)). The Plan does not appoint any officers or directors of the Debtor, except as otherwise set forth in Article IV.A.13. Section 1129(a)(5) is thus inapplicable. In the Plan Supplement, however, the Liquidating Trustee has been identified.

V.      No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction. Accordingly, Bankruptcy Code section 1129(a)(6) is not applicable in this Chapter 11 Case.

W.      Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The liquidation analysis (attached as Exhibit B to the Disclosure Statement) and other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each holder of a Claim in an Impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The liquidation analysis provided in the Disclosure Statement, including the methodology used and estimations and assumptions made therein, and the evidence related thereto that was proffered at the Confirmation Hearing (a) is persuasive and credible as of the dates such

evidence was prepared, presented, or proffered, (b) either has not been controverted by other persuasive evidence or has not been challenged, (c) is based upon reasonable and sound assumptions, and (d) provides a reasonable estimate of the liquidation value of the Debtor's Estate upon a conversion to a chapter 7 case. Recoveries pursuant to the Plan are equal to or in excess of those that would be available if the Debtor was liquidated pursuant to chapter 7 and, therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(7).

X.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Claims and Interests in Class 1 (Priority Claims), Class 2 (Secured Claims), Class 5 (Guaranteed Payment Claims), Class 7 (Class C Claims), Class 8 (Class C Interests) and Class 9 (Class A Interests) are unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to Bankruptcy Code section 1126(f). Holders of Claims in Class 3 (General Unsecured Claims) voted to accept the Plan by at least two-thirds in amount and one-half in number. *See* Voting Certification, Exhibit B, Amended Plan, Article VIII.D. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(8).

Y.    Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Claims under the Plan of the type specified in Bankruptcy Code sections 507(a)(1) through 507(a)(8), if any, complies with the provisions of Bankruptcy Code section 1129(a)(9) because Article II of the Plan provides that, except to the extent an entity agrees to less favorable treatment: (i) each holder of an Allowed Administrative Claim (except with respect to Fee Claims, which shall be paid upon Final Order of allowance by the Bankruptcy Court except to the extent of the Agreed Fee Claim Reduction) shall be paid in full in cash on or as soon as reasonably practicable after the Effective Date and (ii) each holder of an Allowed Priority Tax Claim shall either (a) be paid in full in cash on or as soon as

reasonably practicable after the Effective Date, (b) be paid in full in cash in installment payments over a period of time not to exceed five (5) years after the Petition Date pursuant to Bankruptcy Code section 1129(a)(9)(c) or (c) receive such other treatment as may be agreed upon by such holder and the Liquidating Trustee or otherwise determined upon an order of the Bankruptcy Court. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

Z.    <u>Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>.  At least one Impaired Class entitled to vote affirmatively accepted the Plan by the requisite majorities, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(10) with respect to the Debtor.  *See* Voting Certification, Exhibit B.  Claims and Interests in Class 1 (Priority Claims), Class 2 (Secured Claims), Class 5 (Guaranteed Payment Claims), Class 7 (Class C Claims), Class 8 (Class C Interests) and Class 9 (Class A Interests) are unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to Bankruptcy Code section 1126(f).  Holders of Claims in Class 3 (General Unsecured Claims) voted to accept the Plan by at least two-thirds in amount and one-half in number.  *See* Voting Certification, Exhibit B; Amended Plan, Article VIII.D.  Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(10).

AA.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Plan satisfies Bankruptcy Code section 1129(a)(11).  The information in the Disclosure Statement and the evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that there is a reasonable prospect of the Debtor being able to meet its financial obligations under the Plan and that confirmation of the Plan is not likely to be followed by the need for further liquidation or

financial reorganization of the Debtor, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(11).

BB.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  Pursuant to Article II.C of the Plan, the Debtor is required to pay all statutory fees due and owing to the U.S. Trustee at the time of Confirmation on or before the Distribution Date.  Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(12).

CC.    <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>.  No Impaired Class voted to reject the Plan or was deemed to reject the Plan.  Accordingly, Bankruptcy Code section 1129(b) is inapplicable in this Chapter 11 Case.

DD.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan that was solicited and brought to the Bankruptcy Court for confirmation in this Chapter 11 Case.  Accordingly, Bankruptcy Code section 1129(c) is inapplicable in this Chapter 11 Case.

EE.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 and no governmental entity has objected to the confirmation of the Plan on any such grounds.  Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(d).

FF.    <u>Non-Applicability of Certain Sections (11 U.S.C. §§ 1123(c), 1129(a)(13) - (16), 1129(e))</u>.  The Debtor is not an individual and does not owe any domestic support.  The Debtor also has no obligation to pay for retiree benefits and is neither a nonprofit corporation nor a "small business."  Accordingly, Bankruptcy Code sections 1123(c), 1129(a)(13) - (16) and 1129(e) do not apply to this Chapter 11 Case.

GG.    Modifications of the Plan (11 U.S.C. § 1127).  The modifications made to the Plan since the Solicitation do not constitute changes that materially or adversely change the treatment of any Claims or Interests and do not require additional disclosure under Bankruptcy Code section 1125 or resolicitation of acceptances or rejections of the Plan under Bankruptcy Code section 1126, nor do they require that holders of Claims or Interests against the Debtor be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  Thus, the Debtor has complied in all respects with Bankruptcy Code section 1127 and Bankruptcy Rule 3019.

HH.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with Confirmation of the Plan, and all evidence and arguments made, proffered or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

II.    Implementation.  All documents and agreements necessary to implement the Plan, including, without limitation, the Liquidating Trust Agreement, and all other relevant and necessary documents, have been negotiated in good faith and at arm's length, do not inappropriately conflict with applicable non-bankruptcy law, and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements.

JJ.    Good Faith.  Based on the record before this Bankruptcy Court in this Chapter 11 Case, the Debtor will be acting in good faith within the meaning of Bankruptcy Code section 1125(e) if it proceeds to (i) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby and (ii) take the actions authorized and directed by this

Order, and shall not be liable under any applicable law, rule, or regulation governing solicitation of acceptance or rejection of the Plan or the offer, issuance, sale, or purchase of securities.

KK.   Preservation of Retained Causes of Action.   It is in the best interests of the Debtor, its Estate, Creditors and Interest holders that the Retained Causes of Action that may be pending on the Effective Date, except as otherwise expressly provided in the Plan, the Sale Order or this Order, shall be vested in the Liquidating Trust which shall have the sole and exclusive right to litigate (or abandon) any such Retained Causes of Action of the Debtor.

LL.   Additional Findings Regarding Releases. The releases provided pursuant to Article VIII of the Plan: (i) represent a sound exercise of the Debtor's business judgment; (ii) were negotiated in good faith and at arms' length; and (iii) are (a) in exchange for good and valuable consideration, (b) a good faith settlement and compromise of the claims released thereby, (c) in the best interest of the Debtor and its Estate and (d) fair, equitable, and reasonable under the circumstances of this Chapter 11 Case.

MM.   Retention of Jurisdiction.   Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Bankruptcy Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, this Chapter 11 Case and the Plan to the fullest extent permitted by law.

## **ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

1.   Confirmation of the Plan.   The Plan and each of its provisions, including the Plan Supplement, shall be, and hereby is, CONFIRMED pursuant to Bankruptcy Code section 1129.

The Liquidating Trust Agreement is authorized and approved. The terms of the Plan, including the Plan Supplement, are incorporated by reference into and are an integral part of this Order. The forms, terms, and provisions of the Liquidating Trust Agreement may be amended or modified by the Debtor through and including the Effective Date in a manner consistent with, and that does not materially modify, the Plan.

2.    Objections Overruled.   All objections, responses to, and statements and comments, if any, in opposition to or inconsistent with the Plan, other than those withdrawn with prejudice or resolved in their entirety prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, OVERRULED and DENIED in their entirety.   All withdrawn objections are deemed withdrawn with prejudice.

3.    Deemed Withdrawal of Certain Pleadings.   The following pleadings and all responses and replies related thereto are hereby deemed withdrawn with prejudice:

   a.   *Debtor's Objection to Proof of Claim 37 Filed by JVSW, LLC* [D.I. 445];

   b.   *Debtor's Objection to Administrative Claim 40 Filed by JVSW, LLC* [D.I. 446];

   c.   *Expedited Motion of Site Development, Inc. Pursuant to Fed. R. Bankr. P. 3018(a) for Allowance of Claim in the Full Amount for Voting Purposes* [D.I. 494];

   d.   *Expedited Motion of WS Finance, LLC Pursuant to Fed. R. Bankr. P. 3013 for Classification of Claim and Fed. R. Bankr. P. 3018(a) for Allowance of Claim in the Full Amount for Voting Purposes* [D.I. 502];

   e.   *Motion of HSS Leasing, LLC for Permission to Vote Proof of Claim No. 76 in Class 3 of the Amended Plan* [D.I. 515];

   f.   *Expedited Motion of WS Finance, LLC, HSS Leasing, LLC and Site Development, Inc. Pursuant to Section 1126(e) of the Bankruptcy Code to Designate the Ballots of the Members of the Official Committee of Unsecured Creditors and of any General Unsecured Creditor that Voted in Class 3 of the Amended Plan to Accept the Amended Plan Without Opting Out of the Settlement* [D.I. 517];

    g. *Debtor's Motion to Designate the Votes of (i) HSS Leasing, LLC, (ii) Site Development, Inc., and (iii) WS Finance, LLC Pursuant to Bankruptcy Code Section 1126(e)* [D.I. 544]; and

    h. *Objection of Parties-In-Interest JVSW, LLC and WS Finance LLC to Proof of Claim No. 59 of J Scar Holdings, Inc.* [D.I. 563].

    4.    <u>Plan Classification Controlling</u>.  Unless otherwise set forth herein, the classifications of Claims and Interests for purposes of distributions under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballot (and any provisional Ballot) tendered to or returned by the Debtor's creditors in connection with voting on the Plan (a) were set forth on the Ballot (or provisional Ballot) solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Interests under the Plan for distribution purposes, (c) may not be relied upon by any Creditor or Interest holder as representing the actual classification of such Claims or Interests under the Plan for distribution or any other purpose (other than for evidencing the vote of such party on the Plan), and (d) shall not be binding on the Debtor or holders of Claim or Interests for purposes other than for voting.

    5.    <u>Plan Settlements</u>.  Each of the Plan Settlements, and each component of the Plan Settlements, is hereby approved pursuant to Bankruptcy Code section 1123 and Bankruptcy Rule 9019 as fair and reasonable and in the best interests of the Debtor, its Estate, Creditors and Interest holders.  Further, the Plan Settlements are deemed an integrated compromise and settlement and, accordingly, are non-severable from all other terms of the Plan.  The compromises and settlements embodied in the Plan Settlements are fair, equitable, and within the range of reasonableness.  The Debtor and the Liquidating Trust, as applicable, are duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments,

documents, and papers, and to take any and all actions reasonably necessary or appropriate to consummate the Plan Settlements.

6.      Pursuant to Bankruptcy Code section 1123 and Bankruptcy Rule 9019, and in consideration of the distributions and other benefits provided under the Plan, the provisions of the Plan, including the releases and exculpation provisions set forth in Article VIII, constitute a good-faith compromise and settlement of all Claims and Interests, disputes, or controversies relating to the rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or Interest or any distribution to be made pursuant to the Plan on account of any such Allowed Claim or Interest.

7.      Notice.  The Debtor provided good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the Plan, which notice is hereby approved.

8.      Implementation of the Plan.    The Debtor, the Liquidating Trust and the Liquidating Trustee, each to the extent applicable and in accordance with the terms and conditions of the Plan, are authorized to (i) execute, deliver, file, and/or record such documents, contracts, instruments, releases, and other agreements, including, without limitation, those contained in the Plan Supplement, (ii) make any and all distributions and transfers contemplated pursuant to, and as provided for in, the Plan, and (iii) take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan.

9.      No Action.  To the extent that, under applicable non-bankruptcy law, any action to effectuate the terms of this Plan would otherwise require the consent or approval of the members, managers, directors or officers of the Debtor, this Order shall, pursuant to Bankruptcy Code sections 1123(a)(5) and 1142, constitute the consent or approval, and such actions are

deemed to have been taken by unanimous action of the members, managers, directors and officers of the appropriate Debtor.

10.    <u>Binding Effect</u>. From and after entry of this Order, and subject to the occurrence of the Effective Date, except to the extent otherwise provided in the Plan or this Order, the provisions of the Plan, as applicable, shall be binding on and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such Person, including, but not limited to, the Liquidating Trustee, the Committee, the Scardapane Entities, the Hill Entities, all holders of Claims and Interests of the Debtor (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor, and all other parties in interest in the Chapter 11 Case.

11.    <u>Surrender and Release of Certain Ownership Interests of the Scardapane Entitites</u>. This Order confirms that the Scardapane Entities surrender and release any ownership or other interest in (1) HSS Leasing, Inc. And (2) Berlin Partners, LLC, a New Jersey limited liability company, with a registered office at 14000 Horizon Way, Suite 100, Mt. Laurel, NJ 08054 ("<u>Berlin</u>"), and release any claims against HSS and Berlin and shall not seek any compensation or recovery related to any ownership or other interest in such entities. The Scardapane Entities shall be deemed to have transferred, assigned and conveyed absolutely any interest they have or may have had in HSS and Berlin, and the Scardapane Entities shall be deemed to have acknowledged and confirmed that they have never transferred, assigned or conveyed to, or granted any lien or security interest in, their interests in HSS or Berlin to any third party. The Hill entities represent that they have caused any guarantees previously executed by the

Scardapane Entities related to HSS or Berlin to be cancelled and terminated prior to the Effective Date of the Plan, and this Order confirms the cancellation and termination of those guarantees. The Hill Entities shall fully indemnify the Scardapane Entities with respect to any and all such guarantees.

12.    <u>Vesting of Assets in the Liquidating Trust</u>.  Notwithstanding Bankruptcy Code section 1141(b), the Liquidating Trust Assets shall vest in the Liquidating Trust, under the exclusive control of the Liquidating Trustee, in accordance with the provisions of the Plan, this Confirmation Order and the Liquidating Trust Agreement.

13.    <u>The Liquidating Trust Agreement</u>.  Except as otherwise expressly provided in the Plan, this Confirmation Order or the Liquidating Trust Agreement, pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), 1141(b) and (c) and other applicable provisions of the Bankruptcy Code, on and after the Effective Date, all Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all interests, Claims and Liens and contractually imposed restrictions.  On and after the Effective Date, the Liquidating Trust may object to any Claim or Interest, other than the Allowed GUC Claims or Fee Claims of Consenting Professionals, and compromise or settle any Retained Causes of Action, Claims or Interests, other than the Allowed GUC Claims or Fee Claims of Consenting Professionals, in each case without notice to, supervision of or approval by this Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, the Local Rules, and the guidelines and requirements of the United States Trustee, other than restrictions expressly imposed by the Plan, the Liquidating Trust Agreement or this Confirmation Order.

14.    <u>The Liquidating Trust</u>.  The Liquidating Trust shall be established on the Effective Date and shall be maintained thereafter in accordance with the terms of the Plan and

the Liquidating Trust Agreement. The Liquidating Trust Agreement, in the form substantially similar to the one annexed as Exhibit A to the *Notice of Filing of Second Plan Supplement*, as such Plan Supplement may be amended through the Effective Date, and all provisions therein, are hereby approved by this Confirmation Order. The designation of Michael J. Kadelski by JVSW, LLC as the Liquidating Trustee is approved. Pending the occurrence of the Effective Date, the Debtor is authorized to take all actions as may be necessary to facilitate the creation and implementation of the Liquidating Trust. The Liquidating Trust is authorized and empowered, pursuant to the Plan, including, without limitation, Article IV of the Plan and the Liquidating Trust Agreement, to liquidate or otherwise administer the Liquidating Trust Assets.

15.    Cancellation of Outstanding Interests. As of the Effective Date, except for purposes of evidencing a right to a distribution under the Plan or as otherwise provided for in the Plan or herein, (a) all agreements and other documents evidencing the Claims or rights of any holders of such Claims against the Debtor, including, but not limited to, all contracts, notes and guarantees, and (b) all Interests, shall be deemed automatically cancelled and the obligations of the Debtor thereunder or in any way related thereto, including any obligation of the Debtor to pay any franchise or similar type taxes on account of such Claims or Interests, shall be discharged.

16.    Cancellation of Existing Securities. Except as otherwise provided in the Plan or any agreement, instrument or other document incorporated in the Plan, on the Effective Date, the obligations of the Debtor pursuant, relating or pertaining to any agreements, indentures, certificates of designation, bylaws or certificate or articles of incorporation or similar documents governing the shares, certificates, notes, bonds, purchase rights, options, warrants or other instruments or documents evidencing or creating any indebtedness or obligation of the Debtor

(except such agreements, certificates, notes or other instruments evidencing indebtedness or obligations of the Debtor that are specifically Reinstated pursuant to the Plan) shall be released and discharged.

17.    <u>Directors, Officers and Board Members of the Debtor</u>.  As of the Effective Date, except for purposes of evidencing a right to a distribution under the Plan or as otherwise provided for in the Plan or herein, all officers, directors and members of the Board of the Debtor shall be deemed to have resigned.

**Treatment of Executory Contracts and Unexpired Leases**

18.    The provisions of Article VI of the Plan governing executory contracts and unexpired leases are hereby approved in their entirety.

19.    <u>Rejection of Contracts and Leases</u>.  On the Effective Date, except to the extent that the Debtor either previously has assumed, assumed and assigned, or rejected an executory contract or unexpired lease by an order of the Bankruptcy Court or has filed a motion to assume or assume and assign an executory contract or unexpired lease prior to the Effective Date, each executory contract and unexpired lease entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Bankruptcy Code section 365.  This Confirmation Order shall constitute approval of any such rejections pursuant to Bankruptcy Code sections 365(a) and 1123.

20.    <u>Claims Based on Rejection of Contracts or Leases</u>.  Claims, if any, created by the rejection of executory contracts and unexpired leases, must be filed with the Bankruptcy Court and served on the Litigation Trustee no later than thirty (30) days after the date of an order of the Bankruptcy Court approving such rejection (including the Confirmation Order).  Any Claims arising from the rejection of an executory contract or unexpired lease for which proofs of claim

are not timely filed within that time period will be forever barred from assertion against the Debtor, the Estate, the Liquidating Trust, and their successors and assigns, and their assets and properties, unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein. Any such Claims that are timely filed as provided herein shall be treated, to the extent Allowed, as General Unsecured Claims under the Plan and shall be subject to the provisions of Article III of the Plan.

21.    <u>Indemnification Obligations Regarding Prepetition Acts or Omissions</u>.  Except as otherwise provided for in the Plan Settlements, any obligation of the Debtor to indemnify, reimburse or limit the liability of any Person, including, but not limited to, any officer or director of the Debtor, or any agent, professional, financial advisor, or underwriter of any securities issued by the Debtor, whether arising pursuant to charter, bylaws, contracts or applicable state law, shall be deemed to be, and shall be treated as, an executory contract and shall be and hereby is deemed rejected and terminated as of the Effective Date of the Plan.

22.    <u>Distributions</u>.  The provisions of the Plan governing distributions and procedures for resolving and treating Disputed Claims are approved and found to be fair and reasonable. Unless otherwise set forth in the Plan with respect to Allowed GUC Claims, Allowed Scardapane Entities Subordinated General Unsecured Claim and Fee Claims, the Liquidating Trustee shall make all distributions under the Plan on account of Allowed Claims against, and Allowed Interests in, the Debtor.

23.    <u>Distributions to the Scardapane Entities</u>.  Three hundred and thirty thousand dollars ($330,000) of the Allowed Scardapane Entities Subordinated General Unsecured Claim shall be paid by the Debtor on the Effective Date directly to Cole Schotz, P.C., on account of fees and expenses in accordance with an agreement between the Scardapane Entities and Cole

Schotz, P.C.   The remainder of the Allowed Scardapane Entities Subordinated General Unsecured Claim shall be paid to the holders of such Allowed Claim.

24.   Objections to Claims.   Except as provided in the General Unsecured Claims Settlement, any objections to a proof of Claim, other than the Allowed GUC Claims and Fee Claims of Consenting Professionals, shall be filed on or before the one hundred and eightieth (180th) day after the Effective Date, or such later deadline for objecting to claims as may be fixed by an order of this Bankruptcy Court upon motion filed by the Liquidating Trustee.   Absent further order of this Bankruptcy Court, any objection not filed by such deadline shall be deemed waived, and the Claim shall be an Allowed Claim in the amount set forth on the proof of claim filed by the holder of such Claim.   Notwithstanding anything to the contrary in the Plan, the U.S. Trustee's rights to object to Claims or Interests after the date hereof are hereby reserved.

25.   Setoffs and Recoupment.   Except with respect to Allowed GUC Claims, the Liquidating Trust may, but shall not be required to, setoff against or recoup from any Claims of any nature whatsoever that the Debtor may have against the claimant pursuant to Bankruptcy Code section 558 or otherwise; provided, however, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor or the Liquidating Trust of any such Claim it may have against such holder.   Any holder of a Claim that did not assert any setoff rights against a Claim by a Debtor against such Entity by filing an appropriate motion seeking authority to setoff on or before the date hereof shall be deemed to have waived and be forever barred from asserting any right to setoff against a Claim by a Debtor or the Liquidating Trust, notwithstanding any statement to the contrary in a proof of claim or any other pleading or document Filed with the Bankruptcy Court or delivered to the Debtor.

26.     Subordinated Claims.    Except as expressly provided herein, the allowance, classification and treatment of all Allowed Claims and Interests and the respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, Bankruptcy Code section 510(b) or otherwise.

27.     Administrative Claim Bar Date.    Except as otherwise provided in the Plan, requests for payment of Administrative Claims must have been or be filed on or before the Administrative Claims Bar Date, which (i) was May 29, 2015 at 4:00 p.m. prevailing Eastern Time for Administrative Claims arising from the Petition Date through and including April 30, 2015 and (ii) is thirty (30) days after the Effective Date for Administrative Claims arising from May 1, 2015 through and including the Effective Date.    Holders of Administrative Claims that are or were required to, but did not or do not, file and serve a request for payment of such Administrative Claims by such applicable dates are forever barred, estopped and enjoined from asserting such Administrative Claims.

28.     Professional Fee Claims.    All final Requests for Payment of Fee Claims must be filed and served on the Liquidating Trust, its counsel, and such other Entities who are designated by the Bankruptcy Rules, the Interim Compensation Order or any other applicable order of the Bankruptcy Court, and other necessary parties in interest no later than twenty (20) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court; provided, however, that any Professional who may receive compensation or reimbursement of expenses pursuant to the Ordinary Course Professional Order may continue to receive such compensation or reimbursement of expenses for services rendered before the Effective Date, without further

Bankruptcy Court order, pursuant to the Ordinary Course Professional Order. Objections to any Fee Claim must be filed and served on the Liquidating Trust, its counsel and the requesting Professional or other entity no later than forty (40) days after the Effective Date. To the extent necessary, the Plan and this Confirmation Order shall amend and supersede any previously entered order regarding the payment of Fee Claims. On the Effective Date, the Professional Fee Claim Reserve shall be established pursuant to the terms of the Plan and this Confirmation Order, which shall be funded by the Debtor on the Effective Date with Cash in an amount sufficient to pay the estimated amount of Allowed Fee Claims and transferred to Landis Rath & Cobb LLP's IOLTA account to be held for the payment of Allowed Fee Claims. Upon entry of a Final Order approving any such application for such Fee Claim, Landis Rath & Cobb LLP shall promptly pay any unpaid portion of such Allowed Fee Claim. To the extent that there is any Cash in the Professional Fee Claim Reserve after payment in full of all Allowed Fee Claims, Landis Rath & Cobb LLP shall return any such Cash to the Liquidating Trust and such cash shall become a Liquidating Trust Asset.

29.    <u>Post-Effective Date Expenses</u>. From and after the Effective Date, the payment of the fees and expenses of the retained professionals of the Liquidating Trust shall not be subject to an application and shall be made in the ordinary course of business and without approval of the Bankruptcy Court.

30.    <u>Release and Exculpation Provisions</u>. All release, exculpation, and injunction provisions contained in the Plan, including, without limitation, those contained in Article VIII of the Plan, are hereby authorized, approved and shall be effective and binding on all persons and entities, to the extent expressly described in the Plan.

31.    <u>Dissolution of the Committee</u>.  Upon the Effective Date, the Committee shall dissolve automatically in accordance with Article VII.C of the Plan.  The members of the Committee and the Professionals retained by the Committee shall have no further duty or obligation in respect to the Chapter 11 Case, except with respect to the Fee Claims asserted by the Committee's Professionals.

32.    <u>Payment of Statutory Fees</u>.  All quarterly fees payable pursuant to section 1930 of Title 28 of the United States Code prior to the Effective Date shall be paid by the Debtor or the Liquidating Trustee on or before the Distribution Date.  On and after the Effective Date, the Liquidating Trust shall be responsible for (i) filing post-Confirmation quarterly reports and any pre-Confirmation monthly operating reports not filed as of the Confirmation Hearing in conformity with the U.S. Trustee guidelines and (ii) all applicable U.S. Trustee fees for the Chapter 11 Case until the entry of a final decree or until such Chapter 11 Case is closed or dismissed.

33.    <u>Compliance with Tax Requirements</u>.  The Liquidating Trust, and the Debtor, to the extent applicable, shall comply with all tax withholding and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all distributions made pursuant to the Plan shall be subject to any such withholding and reporting requirements.  The Liquidating Trust shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements including, without limitation, requiring that, as a condition to the receipt of a distribution, the holder of an Allowed Claim or Interest complete the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each holder.  Notwithstanding any other provision of the Plan, (i) each holder of an Allowed Claim or Interest that is to receive a distribution pursuant to the Plan shall have sole and

exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such holder by any governmental unit, including income and other tax obligations, on account of such distribution, and (ii) no distribution shall be made to or on behalf of such holder pursuant to the Plan unless and until such holder has made arrangements satisfactory to the Liquidating Trust or the Debtor to allow it to comply with its tax withholding and reporting requirements. Any property to be distributed pursuant to the Plan shall, pending the implementation of such arrangements, be treated as an undeliverable distribution to be held by the Liquidating Trust until such time as the Liquidating Trust is satisfied with the holder's arrangements for any withholding tax obligations.

34. <u>Exemption from Certain Taxes and Fees</u>. Pursuant to Bankruptcy Code section 1146(a), any transfers from the Debtor to the Liquidating Trust or any other Person pursuant to, in contemplation of, or in connection with the Plan, and the issuance, transfer, or exchange of any debt, equity securities or other interest under or in connection with the Plan, shall not be taxed under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or government assessment. This Confirmation Order directs all relevant state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Plan, including the documents contained in the Plan Supplement and all documents necessary to evidence and implement any of the transactions and actions described in the Plan or the Plan Supplement.

35.    Immaterial Modifications.  Without need for further order or authorization of the Bankruptcy Court, but subject to any limitations set forth in the Plan, the Debtor is authorized and empowered to make any and all modifications to any and all documents included as part of the Plan Supplement, and any other document that is necessary to effectuate the Plan that does not materially modify the terms of such documents and are consistent with the Plan and this Confirmation Order.

36.    Effect of Confirmation on Modifications.  Entry of this Confirmation Order means that all modification or amendments to the Plan since the solicitation thereof are approved pursuant to Bankruptcy Code section 1127(a) and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

37.    Documents and Instruments.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

38.    Conditions to Effective Date.  The Plan shall not become effective unless and until the conditions set forth in Article IX of the Plan have been satisfied or waived pursuant to Article IX of the Plan.

39.    Vacatur of Order.  If this Confirmation Order is vacated or deemed vacated, then the Plan shall be deemed null and void in all respects, and nothing contained in the Plan shall (i) constitute a waiver or release of any Claims against or Interests in the Debtor, (ii) prejudice in any manner the rights of the holder of any Claim against, or Interest in, the Debtor, (iii) prejudice in any manner any right, remedy or claim of the Debtor, or (iv) be deemed an admission against interest by the Debtor or any other Person or Entity.

40.    <u>Insurance Preservation</u>.    Nothing in the Plan, the Plan Supplement, or this Confirmation Order shall diminish or impair the enforceability of any insurance policies, or any claims thereunder, covering current or former officers and/or directors of the Debtor.

41.    <u>Retention of Jurisdiction</u>.    The Bankruptcy Court shall retain and have exclusive jurisdiction over any matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to Bankruptcy Code sections 105(a) and 1142, including, but not limited to the matters set forth in Article IX of the Plan.

42.    <u>Forum for Actions</u>.    Without permission of the Bankruptcy Court, no judicial, administrative, arbitral, or other action or proceeding shall be commenced against the Liquidating Trustee in its respective capacity as such, with respect to its status, duties, powers, acts or omissions in such capacity in any other forum than the Bankruptcy Court.

43.    <u>Conflicts</u>.    To the extent that any provisions of the Disclosure Statement, the Plan Supplement or any other order (other than this Confirmation Order) entered in the Chapter 11 Case (or any exhibits, schedules, appendices, supplements or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, this Confirmation Order shall govern and control except as expressly set forth herein or in the Plan. Notwithstanding the foregoing or anything else contained in this Plan, nothing in the Plan or Confirmation Order shall modify, alter or affect the (i) Sale Order and (ii) Asset Purchase Agreement (items (i)-(ii) together as the "<u>Controlling Documents</u>") and in any conflict between the Plan or Confirmation Order on the one hand and the Controlling Documents on the other, the Controlling Documents shall govern and control.

44.    <u>Severability of Plan Provisions</u>.    Each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (i) valid and enforceable

pursuant to its terms; (ii) integral to the Plan and may not be deleted or modified without the Debtor's, the Scardapane Entities' and the Hill Entities' consent; and (iii) non-severable and mutually dependent.

45.    <u>Waiver or Estoppel</u>.  Each holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, secured or not subordinated by virtue of an agreement made with the Debtor or its counsel, or any other entity, if such agreement was not disclosed in the Plan, the Disclosure Statement, papers filed with this Bankruptcy Court, or stated on the record at the Confirmation Hearing, prior to the Confirmation Date.

46.    <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Delaware, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction and implementation of the Plan, any agreements, documents, instruments or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

47.    <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a), the provisions of this Order, the Plan, the Plan Supplement, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

48.    <u>Notice of Order</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtor shall serve notice of the entry of

this Confirmation Order and the occurrence of the Effective Date, substantially in the form annexed hereto as <u>Exhibit A</u>, to all parties who currently hold a Claim or Interest in this case, including the U.S. Trustee, the Internal Revenue Service, the United States attorney for the District of Delaware, and any party filing a notice pursuant to Bankruptcy Rule 2002. Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order.

49. <u>Term of Injunctions or Stays</u>. The injunctions contained in the Plan, including, but not limited to those provided in Article VIII of the Plan, are hereby authorized, approved and binding on all Persons and Entities described therein. Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays pursuant to Bankruptcy Code sections 105 or 362 arising under or entered during the Chapter 11 Case, or otherwise, and in existence on the date hereof, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay and to the extent consistent with the terms and provisions of the Plan or this Confirmation Order, as applicable.

50. <u>Substantial Consummation</u>. On the Effective Date and the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Plan shall be deemed to be substantially consummated under Bankruptcy Code sections 1101 and 1127(b).

51. <u>No Waiver</u>. The failure to specifically include or refer to any particular provision of the Plan in this Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Bankruptcy Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

52. <u>Waiver of Stay</u>. The requirement under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after entry of the order is

hereby waived.  This Order shall take effect immediately and shall not be stayed pursuant to

Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062 or other applicable rule.

Dated: October __*36*__, 2015
       Wilmington, Delaware

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge

53. Article VII D "Adjustments to Claims or Interests Without Objection" is hereby stricken from the Plan.